**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : CRIMINAL NO. 19 - 64 |
| **JOHN DOUGHERTY** | : |
| **ROBERT HENON** | |
| **BRIAN BURROWS** | : |
| **MICHAEL NEILL** | |
| **MARITA CRAWFORD** | : |
| **NIKO RODRIGUEZ** | |
| **BRIAN FIOCCA** | : |
| **ANTHONY MASSA** | |

**GOVERNMENT'S MEMORANDUM REGARDING A
POTENTIAL CONFLICT OF INTEREST**

The United States of America, by and through its attorneys, Jennifer A. Williams, Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515, and the undersigned, respectively submits this memorandum regarding potential conflicts of interest involving counsel for defendants Robert Henon and Marita Crawford, both of whom are charged in the above-captioned matter. Henon is represented by Brian McMonagle and Crawford is represented by Fortunato Perri. Counsel are principals in the law firm McMonagle Perri McHugh Mischak Davis.

**A.     Introduction**

The indictment charges International Brotherhood of Electrical Workers (IBEW) Local 98 Business Manager John Dougherty and Robert Henon with one count of conspiracy to commit honest services fraud and federal program bribery, and a total of twelve counts of honest services wire fraud and mail fraud. Henon alone is charged with three additional counts of counts of honest services wire fraud and four counts of federal program bribery. Crawford is not charged with Henon in any of the honest services or bribery counts.

The indictment also charges John Dougherty and codefendants, including Marita Crawford, with conspiracy to embezzle and convert to their own uses the funds and property of Local 98. Ms. Crawford is also charged in nine counts of embezzlement and wire fraud thefts from a labor union and a political action committee, and with one count of falsification of an annual financial report filed by a labor union and one count of falsification of financial records required to be kept by a labor union. Henon is not charged with Crawford or other codefendants in the theft conspiracy or substantive theft or reporting offenses.

Despite the fact that Henon and Crawford are not charged together in any count, the government expects, at the very least, to introduce recorded conversations Crawford had with John Dougherty and with Robert Henon that constitute evidence of the honest services charges lodged against Dougherty and Henon. Thus, it is apparent that Henon or Crawford could take conflicting positions before trial, or during trial by testifying or making argument contrary to the other's interest. Additionally, one of these defendants could plead guilty and testify. In addition to the possibility that the cooperating defendant could inculpate the other, counsel for the remaining defendant would also face the possibility of having to cross-examine a client of his law firm, without making use of any privileged information that he might have obtained as a result of the joint representation.

While these defendants may choose to put up a united front and a common defense strategy, it is also possible that at least one of the defendant's best defense may be to deflect blame to the other. *See, e.g., United States v. Cooper*, 672 F. Supp. 155, 158 (D. Del. 1987) (court held that one attorney could not represent three defendants, even though they all consented; court raised possibility that relative culpability of each co-defendant may become pivotal aspect of defense and

2

one attorney cannot raise arguments as to lesser culpability of one defendant without compromising defense of other defendants).

### B. Rule 44(c) of the Federal Rules of Criminal Procedure

Rule 44(c) of Federal Rules of Criminal Procedure states:

(c) Inquiry Into Joint Representation

    (1) Joint Representation.  Joint representation occurs when:

        (A) two or more defendants have been charged under Rule 8(b) or have been joined for trial under Rule 13;  and

        (B) the defendants are represented by the same counsel, or counsel who are associated in law practice.

    (2) Court's Responsibility in Cases of Joint Representation.  The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation.  Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Here, Rule 44(c) applies.  Both defendants are joined for trial under Rule 8(b), and the defendants are represented by attorneys who are associated in the practice of law.  Pennsylvania Rule of Professional Conduct 1.10(a) provides that all of the lawyers in a single firm are treated as if they are one lawyer for purposes of conflict of interest rules.   The government, therefore, respectfully requests that, pursuant to Rule 44(c), this Court inquire about the propriety of two lawyers from the same law firm representing defendant Marita Crawford and Robert Henon, and take whatever action that the Court determines is necessary to protect each defendant's right to effective counsel.

3

### C. <u>Legal Principles</u>

The Sixth Amendment to the Constitution guarantees all defendants the effective assistance of counsel, which includes "the right to adequate representation by an attorney of reasonable competence and the right to the attorney's undivided loyalty free of conflict of interest." *United States v. Moscony*, 927 F.2d 742, 748 (3d Cir. 1991). Additionally, "a presumptive right to the counsel of one's choice has been recognized as arising out of the Sixth Amendment." *Id.*

This presumption of the right to counsel of choice may, however, be overcome "not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Wheat v. United States,* 486 U.S. 153, 164 (1988); *United States v. Stewart*, 185 F.3d 112, 121-122 (3d Cir. 1999) (law firm which had represented government witnesses in related civil case disqualified in criminal case because of conflict of interest). This is because the "purpose of providing assistance of counsel is simply to ensure that criminal defendants receive a fair trial." 486 U.S. at 159. Accordingly, "while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat,* 486 U.S. at 159.

Should a defendant choose to waive any conflict of interest faced by his attorney in order to retain counsel of choice, a court may accept the waiver under appropriate circumstances. *See United States v. Fumo*, 504 F.Supp. 2d 6, 24 (E.D. PA. 2007) (counsel for defendant had previously represented victim entities; court held conflict could be waived). A waiver, however, "does not necessarily resolve the matter, for the trial court has an institutional interest in protecting the truth-seeking function of the proceedings over which it is presiding by considering whether the defendant has effective assistance of counsel, regardless of any proffered waiver." *Moscony*, 927

F.2d at 749. Federal courts also have "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *See Wheat*, 486 U.S. at 160. Accordingly, a district court has "discretion to disqualify counsel if a potential conflict exists even where the represented parties have waived the conflict." *United States v. Stewart*, 185 F. 3d 112, 122 (3d Cir. 1999) (court upheld disqualification despite waiver of defendant).

Furthermore, this court has a legitimate interest in being free from further attacks on the fairness of the trial process, the adequacy of counsel, and the voluntariness of any waiver of effective counsel. *Wheat*, 486 U.S. at 162-64; *Dolan*, 570 F.2d at 1184. Thus, the Court may disqualify counsel not only to preserve a defendant's rights to conflict-free counsel, but to protect the integrity of the proceeding from subsequent attack. Prosecutors have an obligation to inform district courts of defense counsel's potential conflicts of interest when they become aware of them. *See United States v. Morelli*, 169 F.3d 798, 812 (3d Cir. 1999).

As noted above, *see United States v. Stewart*, 185 F.3d 112, 121-122 (3d Cir. 1999) (law firm which had represented government witnesses in related civil case disqualified in criminal case because of conflict of interest), the Third Circuit has held that certain conflicts of interest cannot be waived. In *United States v. Flanagan*, 679 F. 3d 1072 (3d Cir. 1982), the Third Circuit affirmed the disqualification of a law firm from representing four defendants. There police officers charged with civil rights violations all retained the same law firm to represent them. Although each defendant had voluntarily and intelligently chosen to waive the conflict of joint representation, the waivers were rejected. The district court found that a conflict of interest was very likely to arise in the course of the proceedings. On appeal, the Third Circuit agreed, stating that "[w]here . . . the

5

materialization of actual conflict is very likely, disqualification of defense counsel and ordering defendants to retain separate counsel are appropriate measures to be taken . . ." *Id.* at 1076.

Similarly, in *United States v. Moscony*, 927 F.2d 742, 750-51 (3d Cir. 1991), the court found that a non-waivable conflict of interest existed when counsel represented a client whom a grand jury was investigating at the same time that he was representing several of the client's employees who were later identified as government witnesses. In that case, the Court highlighted the important role of the trial court in protecting the defendant's rights:

> Usually, the various rights and duties of the attorney clash when a defendant seeks to waive his right to conflict-free representation in circumstances in which the counsel of his choice may have divided loyalties due to concurrent or prior representation of another client who is a co-defendant, a co-conspirator, or a government witness. Such a waiver, however, does not necessarily resolve the matter, for the trial court has an institutional interest in protecting the truth-seeking function of the proceedings over which it is presiding by considering whether the defendant has effective assistance of counsel, regardless of any proffered waiver.

*Moscony*, 927 F.2d at 749. The decision to refuse a waiver of the right to conflict-free representation rests largely with the trial court. *See e.g., United States v. Williams*, 81 F.3d 1321, 1325 (4th Cir. 1996) (no abuse of discretion when court refused to allow waiver of conflict-free representation because counsel had previously represented defendant's wife who was a potential witness for prosecution).

The district court has "substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual

conflict as the trial progresses." *Wheat*, 486 U.S. at 163.[1]  Such discretion is afforded the courts because:

> Unfortunately for all concerned, a district court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between parties are seen through a glass, darkly. … These imponderables are difficult enough for a lawyer to assess, and even more difficult to convey by way of explanation to a criminal defendant untutored in the niceties of legal ethics.

*Id.* at 162-63.

Weighing the defendant's choice of counsel against disqualification of counsel for a potential conflict of interest is no easy task.  The Supreme Court has lamented that the:

> need to investigate potential conflicts arises in part from the legitimate wish of district courts that their judgments remain intact on appeal…. trial courts confronted with multiple representations face the prospect of being "whip-sawed" by assertions of error no matter which way they rule. If a district court agrees to the multiple representation, and the advocacy of counsel is thereafter impaired as a result, the defendant may well claim that he did not receive effective assistance….On the other hand, a district court's refusal to accede to the multiple representation may result in a challenge such as petitioner's in this case.  Nor does a waiver by the defendant necessarily solve the problem, for we note, without passing judgment on, the apparent willingness of Courts of Appeals to entertain ineffective-assistance claims from defendants who have specifically waived the right to conflict-free counsel.

*Wheat*, 486 U.S. at 161-62 (Internal citations omitted).

The evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court.  *Voigt,* 89 F.3d at 1076 (citing *Wheat,* 486

---

[1] This is so even in light of the *Gonzalez-Lopez* opinion holding that erroneous deprivation of counsel constitutes structural error.  *See United States v. Gonzalez-Lopez,* 548 U.S. 140, 149-150 (2006) ("nothing we have said today casts any doubt or places any qualification upon our previous holdings that limit the right to counsel of choice").  In *Gonzalez-Lopez,* the Missouri district court judge refused to permit the defendant to be represented by his chosen counsel, a California attorney whose admission *pro hac vice* had been twice denied without comment by the district court.

U.S. at 164) (defense counsel who had previously represented a codefendant, as well as a potential government witness, was properly disqualified). Third Circuit has similarly recognized the difficulty of this process of evaluation. "The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials." *Voight*, 89 F.3d at 1076 (quoting *Wheat*, 486 U.S. at 162-63).

### D. Procedure

"Normally, the trial court should conduct an evidentiary hearing or factual inquiry to determine whether disqualification is appropriate and should inquire into the nature of the conflict and the client's awareness of the conflict." *See Gov't of Virgin Islands v. Zepp*, 748 F.2d 125, 139 (3d Cir. 1984) (instructing district courts to determine whether a waiver is possible, whether there has been a waiver, and if so, whether a waiver is effective). In *Zepp,* the defendant was convicted of destruction of evidence (narcotics) seized from the septic tank of a home where she lived. Part of the evidence at trial was a stipulation entered into by the government and defense counsel, who was present in the home with the defendant at a time when investigators heard toilets in the house flushing. The stipulation read at trial was, that if called as a witness at trial, defense counsel would testify that he did not personally flush any toilets while he was in the defendant's home. *Zepp* held that defense counsel had a clear conflict and was ineffective when he had criminal liability on the same charges as his client and acted as a prosecution witness at trial.

The Third Circuit adopted the Fifth Circuit's decision in United States v. Garcia, 517 F.2d 272 (5th Cir. 1975), concerning the nature of a conflict colloquy. In *United States v. Dolan*, 570 F. 2d 1177, 1181 (3d Cir. 1978), where one attorney represented codefendants, the Court, quoting *Garcia*, 517 F.2d at 278), wrote.

8

> The district court should address each defendant personally and forthrightly advise him of the potential dangers of representation by counsel with a conflict of interest. The defendant must be at liberty to question the district court as to the nature and consequences of his legal representation. Most significantly, the court should seek to elicit a narrative response from each defendant that he has been advised of his right to effective representation, that he understand the details of his attorney's possible conflict of interest and the potential perils of such a conflict, that he has discussed the matter with his attorney or if he wishes with outside counsel, and that he voluntarily waives his Sixth Amendment protections. It is, of course, vital that the waiver be established by 'clear, unequivocal, and unambiguous language.'

Id. The *Garcia* court further cautioned that "[m]ere assent in response to a series of questions from the bench may in some circumstances constitute an adequate waiver, but the court should nonetheless endeavor to have each defendant personally articulate in detail his intent to forego this significant constitutional protection. " *Garcia*, 517 F. 2d at 278. Thus, the focus should be to create an adequate colloquy that encompasses all possible conflicts at issue.

If the Court, after a hearing, determines that any conflict of interest may be waived by the defendant, the government suggests that it may be appropriate to permit the defendant an opportunity to consult with an inarguably independent counsel. See *United States v. Lussier*, 71 F.3d. 456 (2d Cir. 1995).

E. **Conclusion**

WHEREFORE, the government respectfully requests that, pursuant to Rule 44(c) of the Federal Rules of Criminal Procedure, this Court inquire about the propriety of two lawyers from the same law firm representing defendant Marita Crawford and Robert Henon, and take whatever action that the Court determines is necessary to protect each defendant's right to effective counsel.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

RICHARD P. BARRETT
Assistant United States Attorney
Chief, Corruption and Labor Racketeering Section

/s/ Paul L. Gray
FRANK R. COSTELLO, JR.
JOHN M. GALLAGHER
PAUL L. GRAY
Assistant United States Attorneys

Dated: March 8, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants, who are identified below.

Henry Hockeimer and David Axelrod
Counsel for Defendant John Dougherty

Brian McMonagle
Counsel for Defendant Robert Henon

Thomas Bergstrom
Counsel for Defendant Brian Burrows

Joseph Capone
Counsel for Defendant Michael Neill

Fortunato Perri
Counsel for Defendant Marita Crawford

Paul Hetznecker
Counsel for Defendant Niko Rodriguez

John E. Riley
Counsel for Defendant Brian Fiocca

William Brennan
Counsel for Defendant Anthony Massa

            s/Paul L. Gray
            PAUL L. GRAY
            Assistant United States Attorney

Dated: March 8, 2019