# Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

David L. Axelrod
Tel: 215.864.8639
Fax: 215.864.8999
axelrodd@ballardspahr.com

June 2, 2020

*Via E-mail*

Honorable Paul S. Diamond
United States District Judge for the Eastern District of
Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:  *United States v. John Dougherty, et al., Case No. 2:19-cr-00064-JLS*

Dear Judge Diamond:

Yesterday, we wrote the Court requesting an evidentiary hearing in support of John Dougherty's Motion to Suppress Title III Wiretap Evidence. After sending that letter the United States Attorney's Office informed Mr. Dougherty's counsel that it would oppose this request. Mr. Dougherty respectfully requests an evidentiary hearing on the additional grounds contained in this letter.

In the initial Application, dated April 29, 2015, Agent Blake affirmed that "[n]ormal investigative procedures have been tried and have failed, appear unlikely to succeed if tried, or are too dangerous to employ." Blake Aff. 4/29/15 ("Blake Aff.") ¶ 18. The affidavit, though it states key Title III language in cursory fashion, fails to "lay a factual predicate" as to why a wiretap was necessary to investigate the target crime of embezzlement which is usually investigated and prosecuted with other less-intrusive investigatory methods. In an evidentiary hearing Mr. Dougherty would explore why those other techniques were not employed and relied upon and why a wiretap was deemed necessary.

Mr. Dougherty would also explore a critical omission in Agent Blake's Affidavit. In the Affidavit, Agent Blake alleges numerous instances where (1) Mr. Dougherty communicated with his alleged co-conspirators by text message, and then (2) these alleged co-conspirators proceeded to purchase goods at stores using Local 98 funds. *See* Blake Aff. ¶ 31. Agent Blake then asserts that a Title III intercept is necessary to ascertain the communications among Mr. Dougherty and his co-conspirators which would be evidence of the embezzlement of union funds. *See id.* ¶ 57.

Though cellular service providers do not maintain text messages as a matter of course, a government entity like the Department of Justice can request the preservation of information (such as text messages) pursuant to 18 U.S.C. § 2703(f), and the service provider is required to preserve that information for 90 days. In investigating the Target Offenses, the government could have requested preservation of Mr. Dougherty's text messages pursuant to 18 U.S.C. § 2703(f), and then obtained a search warrant to obtain the content of these text messages. Had the government followed this procedure it could have obtained the content of the text message described in paragraph 31 of the Blake Affidavit. However, the Blake Affidavit omits any discussion of this process and why the government did not attempt this first before obtaining a Title III wiretap. Instead, Agent Blake simply asserts that:

> DOUGHERTY and the other TARGET INTERCEPTEES have communicated using AT&T Wireless for their cellular service, but AT&T does not retain text message content. Therefore, even though your affiant has probable cause that TARGET TELEPHONE #1 is being used to send text messages in furtherance of the schemes described above, a search warrant cannot be used to obtain the text messages.

Blake Aff. ¶ 64. This statement omits critical information that undercuts Agent Blake's (and the government's) assertions regarding exhaustion and necessity. For these reasons, Mr. Dougherty respectfully requests an evidentiary hearing.

Respectfully yours,

David L. Axelrod

DLA

cc: AUSA Frank R. Costello
     AUSA Paul L. Gray
     AUSA Richard P. Barrett
     All Defense Counsel of Record