

**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

*Frank R. Costello, Jr.*
*Direct Dial: (215) 861-8442*
*Facsimile: (215) 861- 8618*
*E-mail Address:  frank.costello@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

June 3, 2020

Honorable Jeffrey L. Schmehl
Judge, United States District Court
The Madison Building
400 Washington Street, Suite 4401
Reading, PA 19601

Re: *United States v. John Dougherty, et al.*, Criminal No. 19-64

Dear Judge Schmehl:

Counsel for defendant John Dougherty has requested an evidentiary hearing in support of his Motion to Suppress Title III Wiretap Evidence for the following reasons: 1) to "explore why those other [investigatory] techniques were not employed and relied upon and why a wiretap was deemed necessary"; and 2) to "explore" why the government did not request preservation of the defendant's text messages . . . "then obtain[ ] a search warrant to obtain the content of these text messages."

The issue before this Court is whether the affidavit submitted in support of the Title III interception set forth "a factual predicate sufficient to inform the judge why other methods of investigation are not sufficient." *United States v. Williams*, 124 F.3d 411, 418 (3d Cir. 1997). Agent Blake's testimony about why certain investigatory techniques were not employed is simply not relevant to that inquiry.

When challenging the sufficiency of an affidavit, a defendant is not entitled to an evidentiary hearing unless he or she makes a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *United States v. Heilman*, 377 F. App'x 157, 177 (3d Cir. 2010) (citations omitted).   The same principle applies here.  *United States v. Pavulak*, 700 F.3d 651, 665 (3d Cir. 2012) (applying same standard to necessity challenge).  There has been no such showing here.

For these reasons, the defendant's request for an evidentiary hearing should be denied.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

RICHARD P. BARRETT
Assistant United States Attorney
Chief, Corruption and Labor Racketeering Section


/s/ Frank R. Costello, Jr.
FRANK R. COSTELLO, JR.

Assistant United States Attorney

cc: David L. Axelrod, Esquire
     Henry E. Hockeimer, Jr., Esquire