**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : CRIMINAL NO: 2:19-cr-00064-JLS-1 |
| v. | : |
| | : |
| JOHN DOUGHERTY, | : |
| | : |
| Defendant. | : |
| | : |

---

**DEFENDANT JOHN DOUGHERTY'S MEMORANDUM OF LAW IN SUPPORT OF CONTINUING TO SEAL FBI AGENT JAMES BLAKE'S WIRETAP AFFIDAVIT**

For the reasons herein, Defendant John Dougherty respectfully requests that the Court continue to seal FBI Agent James Blake's April 29, 2015 Affidavit in Support of Wire and Electronic Interception (the "Affidavit") or, in the alternative only unseal a version of the Affidavit that redacts irrelevant and unduly prejudicial allegations related to uncharged conduct or uncharged individuals.

**I.      INTRODUCTION**

On August 6, 2019, Defendant John Dougherty, by and through his undersigned counsel, filed a Motion to Suppress Title III Wiretap Evidence. (Dkt. No. 97.) Dougherty seeks to suppress the wiretap evidence the government obtained on the narrow grounds that the government failed to establish that a wiretap was "*necessary*" pursuant to 18 U.S.C. § 2518(1)(c). While Dougherty quotes and cites to portions of the Affidavit in support of that motion, the portions cited relate to Agent Blake's conclusion and legal boilerplate, and are substantially similar to the allegations contained in the Indictment.

In response to Dougherty's motion, the government, too, cited to various portions of the Affidavit. The portions cited in its response pertained to: (1) the government's objectives

of its investigation; (2) Agent Blake's experience and basis for his belief that interception was appropriate; and (3) details regarding other investigatory techniques that were employed prior to the interceptions. The government, like Dougherty, did not cite or quote any private information or information related to uncharged individuals or to conduct that was not alleged in the Indictment.

On May 26, 2020, the Court contacted Dougherty's counsel to inquire whether Dougherty sought a hearing on his motion to suppress. In response to that request, on June 1, 2020, Dougherty submitted a letter to the Court requesting an evidentiary hearing. After learning that the government would oppose such a request, Dougherty submitted a supplemental letter on June 2 outlining the reasons why an evidentiary hearing is appropriate. In that letter, Dougherty quoted from two portions of the Affidavit, and more generally summarized two other portions. The portions of the Affidavit that Dougherty cited demonstrated that Agent Blake failed to lay the factual predicate justifying that a wiretap was necessary to investigate the target crime of embezzlement. The government formally responded by letter on June 3 to assert that a hearing was not warranted. With the permission of the Court, Dougherty filed a reply letter on June 4, 2020. In that letter, he cited to several portions of the Affidavit that demonstrate that traditional investigatory means would have sufficed in the government's investigation. As with the original briefing from August 2019, the parties' correspondence with the Court did not reveal any private information found in the Affidavit.

## II. ARGUMENT

The Court has asked the parties to address whether in light of the parties' citations to the Affidavit in both the briefing and subsequent letters to the Court, the Court should unseal the entirety of the Blake Affidavit. The simple answer is no, as "good cause" does not exist to

unseal the Affidavit. *See* 18 U.S.C. § 2518(8)(b). The parties have not revealed information from the Affidavit such that a document containing unfounded allegations, irrelevant and unduly prejudicial facts, and allegations against uncharged individuals should be disclosed. However, to the extent the Court believes that the portion of the Affidavit the parties have discussed in public filings have already been disclosed, then the Court should unseal a redacted version of the Affidavit.

The Court should maintain the Affidavit under seal. "[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Rather, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* While there is a presumption of public access to judicial records – *i.e.*, those filed or somehow "incorporated or integrated into a district court's adjudicatory proceedings" – the presumption may be rebutted where "the interest in secrecy outweighs the presumption." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quotation marks and citations omitted). Where the material that is sought to be disclosed "is of the kind of information that courts will protect" and "disclosure will work a clearly defined and serious injury to the party seeking closure," the presumption is rebutted." *Id.* Both requirements are readily met in this case.

First, these materials are clearly the "kind of information that courts will protect." *Id.* Title III mandates the sealing of applications for a wiretap order. *See* 18 U.S.C. § 2518(8)(b) ("Applications made and orders granted under this chapter *shall be sealed by the judge.*" (emphasis added)). In fact, Title III itself notes that "applications and orders shall be disclosed only upon a showing of good cause." *Id.*; *see also In re United States*, 729 F. App'x 204, 205 (3d Cir. 2018) (declining to unseal wiretap orders and the accompanying documents

3

and recordings, as the defendant failed to show "good cause" for their release); *In re N.Y. Times Co.*, 577 F.3d 401, 408 (2d Cir. 2009) ("the structure and purpose of Title III – including the provision governing disclosure of wiretap applications – revealed a manifest congressional intent that wiretap applications be treated confidentially and clearly negated a presumption in favor of disclosure.").

Moreover, Title III, through the "necessity requirement" recognizes that the interception of a person's phone calls goes to the heart of his expectation of privacy, and therefore, it directs courts to balance an individual's privacy with the needs of a particular investigation, based on the information the government sets forth in its application and affidavit. *See United States v. Vento*, 533 F.2d 838, 844 (3d Cir. 1976) ("Title III obliges the courts to measure the permissible use of sophisticated electronic investigative tools against the specific restraints [including the necessity requirement] imposed by Congress to avoid undue intrusions upon privacy."). Thus, Title III recognizes the need to protect individuals from an unnecessary intrusion into their personal communications as well as the need to ensure that those communications – or the basis for obtaining the communications – are not made public prior to trial.

Second, unsealing the Affidavit would cause both Dougherty and numerous others named in that Affidavit harm. The Affidavit contains three types of information that should not be disclosed publicly: (1) allegations against uncharged individuals close to Dougherty; (2) uncharged allegations against Dougherty that are not referenced in the Indictment; and (3) irrelevant and unduly prejudicial facts regarding Dougherty.

First, there are several individuals named in the indictment who are alleged to have communicated with Dougherty regarding the use of union funds but who were never

4

charged with any crimes, including people close to Dougherty.  *See, e.g.*, Aff. ¶¶ 23-27, 32, 44, 51, 70.  Therefore, unsealing the Affidavit would harm Dougherty by implicating uncharged people in his alleged crimes and would unduly and unnecessarily infringe upon these individuals' privacy interests and unfairly cast them with criminal culpability.  *See United States v. Smith*, 602 F. Supp. 388, 397 (M.D. Pa. 1985) ("many courts have sanctioned the sealing of documents on the ground that release of the documents to the public would violate third parties' privacy interests.");  *United States v. Huntley*, 943 F. Supp. 2d 383, 387 (E.D.N.Y. 2013) ("revelation of the name [of an uncharged individual] may lead some members of the public to find—wrongly—'fire' when nothing but 'smoke' exists. Courts have an obligation not to cater to any morbid craving for that which is sensational and impure." (internal quotation marks omitted)).

Second, the Affidavit includes a number of uncharged allegations.  *See, e.g.*, Aff. ¶¶ 31, 33.  The fact that there are allegations that were not included in the Indictment is evidence that they could not be proven, and as such, unsealing the Affidavit would unfairly prejudice Dougherty prior to trial.  *See, e.g.*, *United States v. Lee*, 634 F. App'x 862, 865 (3d Cir. 2015) (noting that to be admissible, evidence of "uncharged crimes or wrongs" must satisfy the strictures of Rule 404(b) of the Federal Rules of Evidence, yet emphasizing "the risks inherent in admitting evidence of past bad acts.").

Third, the Affidavit includes irrelevant and salacious details regarding Dougherty that should remain under seal.  *See, e.g.*, Aff. ¶¶ 11, 42.  These allegations are completely irrelevant and disclosure of these allegations would serve no legitimate purpose.

The parties have not disclosed any information that supports unsealing the Affidavit.  In contrast to the allegations contained in the Affidavit that reference third parties

5

who were not charged or that reference uncharged conduct, Dougherty's motion and subsequent letters to the Court only reference portions of the Affidavit that pertain to the investigatory efforts undertaken by the government. These portions of the Affidavit are mostly boilerplate assertions by Agent Blake regarding his belief that other investigatory efforts would not have been fruitful. While it may have been prudent to have filed the motion under seal, by filing the motion publicly, the parties did nothing to suggest that the full contents of the 42-page Affidavit should be revealed to the public.

To the extent the Court believes that certain portions of the Affidavit should be unsealed because the parties have effectively already disclosed those portions *or* that a hearing will necessarily disclose the content of the Affidavit, the Court could provide the public with a redacted version of the Affidavit. In its Order, the Court also expressed concern that a hearing on Dougherty's motion would require the discussion of the Affidavit in open court. As discussed above, the only portions of the Affidavit that are at issue are those that pertain to the government's investigation and the means by which it attempted to investigate the conduct alleged in the Indictment. Such testimony and questioning would not infringe upon the privacy rights of uncharged individuals. A redacted Affidavit would provide the public access to content the parties already discussed while continuing to protect the privacy interests of uncharged individuals and Dougherty's due process rights.

However, unsealing the Affidavit in its entirety would improperly harm uncharged individuals and Dougherty himself, by placing into the public eye unsubstantiated claims that serve no legitimate purpose.

**III.     CONCLUSION**

For the foregoing reasons, Defendant John Dougherty respectfully requests that the Affidavit remained sealed.

Date: June 24, 2020

*/s/ Henry E. Hockeimer, Jr.*
Henry E. Hockeimer, Jr. (I.D. No. 86768)
David L. Axelrod (I.D. No. 323729)
Terence M. Grugan (I.D. No. 307211)
Emilia McKee Vassallo (I.D. No. 318428)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
T: 215.665.8500
F: 215.864.8999

*Attorneys for Defendant John Dougherty*
