**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **:** |
| **v.** | **: CRIMINAL NO. 19 - 64** |
| **JOHN DOUGHERTY** | **:** |
| **ROBERT HENON** | |
| **BRIAN BURROWS** | **:** |
| **MICHAEL NEILL** | |
| **MARITA CRAWFORD** | **:** |
| **NIKO RODRIGUEZ** | |
| **BRIAN FIOCCA** | **:** |
| **ANTHONY MASSA** | |

### GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF KEEPING THE AFFIDAVIT SUBMITTED IN SUPPORT OF THE INTIAL INTERCEPTION SEALED

The United States of America, by and through its attorneys, Jennifer A. Williams, Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515, and the undersigned Assistant United States Attorneys, in response to the Court's request, respectfully submits that the affidavit of FBI Special Agent Jason Blake, which was submitted in support of the first application for a Title III interception in this matter, remain under seal, for the reasons set forth below.

During 2015 and 2016, this Court, pursuant to 18 U.S.C. § 2518, granted orders authorizing the interception of wire and electronic communications over a number of telephones. The first order, authorizing interceptions on a cellular telephone used by defendant John Dougherty, was signed by this Court on April 29, 2015. The Order and the affidavit submitted in support of the order are the subjects of the defendants' pending motion to suppress the results of the interception, which is based on the alleged lack of necessity set forth in the first application and affidavit.

The statute governing Title III mandates that wiretap applications and orders be sealed, absent a showing of good cause why they should be unsealed.   The pertinent provision reads as follows:

> (b) Applications made and orders granted under this chapter shall be sealed by the judge. Custody of the applications and orders shall be wherever the judge directs. Such applications and orders shall be disclosed only upon a showing of good cause before a judge of competent jurisdiction . . . 18 U.S.C. § 2518(8)(b).

On February 26, 2019, this Court signed an order, filed under seal, which authorized the temporary unsealing of the Title III materials in this case for the limited purpose of providing the materials to the defense in discovery.  The order authorized all counsel to use the materials to prepare for trial and for use at trial.  The materials remain under seal.

Portions of the affidavit have been cited, and quoted, in the motion filed by the defendant and the government's response, neither of which were filed under seal.  There are other passages, which are arguably not relevant to the motion, and were not cited in either filing, which weigh in favor of keeping the affidavit sealed.[1]  The affidavit identifies at least four individuals, none of whom have been charged, or identified by name as uncharged coconspirators, whose conduct, as described in the affidavit, is arguably in furtherance of the charged conspiracy to embezzle.  Another uncharged individual is characterized in the affidavit as knowingly complicit.

---

[1]    A few of these passages were cited in the government's response with the names of the uncharged individuals redacted. *See Government's Response*, page 20 ("A brother of Target Interceptee Brian Fiocca, accompanied by his girlfriend, made suspect purchases in late 2014 and early 2015 using Dougherty's Local 98 credit card.  Id. at ¶ 31, p. 22, p. 28, n. 7 . . . A Local 98 employee purchased a $300 Cole Haan gift card, which a member of Dougherty's family used for personal purchases. Id. at ¶ 46, n. 13").

Although there was good cause to temporarily unseal the affidavit for the limited purpose of providing it to the defense for trial preparation, the affidavit should otherwise remain sealed. *See, e.g., In re New York Times Co.,* 828 F.2d 110, 115 (2d Cir.1987); *Applications of Kansas City Star*, 666 F.2d 1168, 1176 (8th Cir. 1981) (privacy of other people which might be affected by disclosure is a factor in good cause determination of Section 2518).

For these reasons, the government submits that the initial affidavit of FBI Special Agent Jason Blake submitted in support of the Title III interception remain sealed.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515


RICHARD P. BARRETT
Assistant United States Attorney
Chief, Corruption and Labor Racketeering Section


/s/ Frank R. Costello, Jr.
FRANK R. COSTELLO, JR.
PAUL L. GRAY
BEA WITZLEBEN
Assistant United States Attorneys


Dated: June 24, 2020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing response with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants, who are identified below.

Henry Hockeimer and David Axelrod
Counsel for Defendant John Dougherty

Brian McMonagle
Counsel for Defendant Robert Henon

Thomas Bergstrom
Counsel for Defendant Brian Burrows

Joseph Capone
Counsel for Defendant Michael Neill

Fortunato Perri
Counsel for Defendant Marita Crawford

Paul Hetznecker
Counsel for Defendant Niko Rodriguez

Nina Spizer
Counsel for Defendant Brian Fiocca

William Brennan
Counsel for Defendant Anthony Massa

/s/ Frank R. Costello, Jr.
FRANK R. COSTELLO, JR.
Assistant United States Attorney

Dated: June 24, 2020