**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO.  19 - 64** |
| **JOHN DOUGHERTY** | : | |
| **ROBERT HENON** | | |
| **BRIAN BURROWS** | : | |
| **MICHAEL NEILL** | | |
| **MARITA CRAWFORD** | : | |
| **NIKO RODRIGUEZ** | | |
| **BRIAN FIOCCA** | : | |
| **ANTHONY MASSA** | | |

**ORDER**

AND NOW, this           day of            , 2021, upon consideration of the parties' Joint

Motion to Continue Trial and Exclude Time Under the Speedy Trial Act, the Court determines as

follows:

On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing

that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and

criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any

district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were

continued pending further Court order. The Chief Judge described actions of public health

authorities to limit the spread of the virus, and further described the impact of COVID-19 on the

availability of jurors. On the basis of these findings, the Chief Judge explained in the Order that

the suspension of trials is required "to protect public health, reduce the size of public gatherings,

and reduce unnecessary travel within this district."

On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through May 31, 2020. On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through August 31, 2020. On August 31, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in September or October on a test basis, all criminal jury selections and jury trials scheduled to begin before November 2, 2020, were continued pending further order of the Court. On October 30, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in November or December on a test basis, all criminal jury selections and jury trials scheduled to begin before December 31, 2020, were continued pending further order of the Court. On November 25, 2020, the Chief Judge issued a Standing Order stating that, because of worsening conditions related to the virus and actions taken by government officials to mitigate the spread of the disease, the Court continued all criminal jury selections and jury trials scheduled to begin on or before January 15, 2021, pending further Court order.

The Chief Judge subsequently issued additional Standing Orders extending the continuance of all criminal jury trials due to conditions related to the pandemic. Most recently, on March 30, 2021, the Chief Judge issued a Standing Order continuing all criminal jury selections and jury trials scheduled to begin on or before May 3, 2021. The Chief Judge stated that the test period for criminal jury trials will resume at that time. As outlined in an earlier Standing Order issued on March 18, 2021, that process will involve only one criminal jury trial at a time conducted in the Courthouse in order to protect the health and safety of participants.

The Chief Judge directed that all cases in which a trial is not designated to be held during the test period are continued through at least June 7, 2021.

In explaining his most recent Order, the Chief Judge stated:

> After weeks of declining numbers, COVID-19 cases in the Commonwealth of Pennsylvania and in this district are again increasing. Since the March 18, 2021, Standing Order was issued, the total number of COVID-19 cases in Pennsylvania has increased to more than 1,020,000, and the total number of cases in this district has increased to more than 470,000. District wide, the 14- and 7-day averages of new case counts have increased significantly in the past two weeks and are now at levels last seen in mid-February 2021. Daily new COVID-19 cases per 100,000 population have increased in eight of the nine counties in this district in recent weeks, in some instances by more than 50%. Positivity rates have also increased in eight of the nine counties in this district. Positivity rates are currently above 5% in all counties in this district and above 7% in five of those counties.

> These increases are occurring as new and more transmissible variants of the virus are circulating and as more cases of these variants are being detected in Pennsylvania. These increases are also occurring at time when a majority of the population in this district, including most case participants, has not yet been vaccinated. Although Pennsylvania and Philadelphia continue to make progress in vaccinating residents, most attorneys and Court staff are not yet eligible for the vaccine under the Pennsylvania and Philadelphia vaccination plans, and most inmates at the Federal Detention Center in Philadelphia have not yet had the opportunity to be vaccinated.

> While Pennsylvania plans to ease some of the restrictions currently in place in the Commonwealth, due to concern about the rise in the number of COVID-19 cases and hospitalizations in Philadelphia, the City will not adopt these relaxed restrictions at this time. The City has instead announced that, throughout the month of April, it will continue to review the local trends in cases, hospitalizations, and deaths to gauge when it is safe to further loosen restrictions.

The Chief Judge accordingly found his actions "necessary and appropriate . . . in order to protect public health and safety, including the safety of Court personnel and all persons entering courthouses and Court locations in this district."

In each Standing Order dating back to March 13, 2020, the Chief Judge found that the period of delay in each continued case shall be excluded under the Speedy Trial Act, as the ends of justice served by granting a continuance outweigh the best interest of the public and each

defendant in a speedy trial. In the March 30, 2021, order, the Court declared the period of time

until May 3, 2021, will be excluded in the Speedy Trial Act calculation in each case, and further:

> For those criminal cases that cannot be tried during the initial test period consistent with the health and safety protocols and limitations necessary for the conduct of jury trials at this time, as described in prior Standing Orders and the Initial Guidelines for the Reinstitution of Jury Trials, the additional time period from May 3, 2021, through June 7, 2021, shall also be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). The Court finds the ends of justice served by continuances that will be necessary in those cases outweigh the best interest of the public and each defendant in a speedy trial because, given the circumstances regarding the COVID-19 outbreak in this district, resumption of jury trials without these health and safety protocols and limitations prior to June 7, 2021, would jeopardize public health and safety and pose significant risks of exposure and transmission of the virus to trial participants, which would make continuation of a trial impossible or result in a miscarriage of justice. The Court may extend the period of exclusion by further order as circumstances may warrant, and the presiding judge in any criminal case for which trial will be continued based on this Standing Order may make any additional findings and exclude additional time, as necessary and appropriate, regarding the scheduling of any new date for trial.

The undersigned fully agrees with and adopts these findings of the Chief Judge.

In the case at bar, on November 2, 2020, this Court granted a defense motion for

severance, severing the indictment into two trials: Counts 1-96 (involving defendants Dougherty,

Burrows, Neill, Crawford, Rodriguez and Fiocca) and Counts 97-116 (involving defendants

Dougherty and Henon).  On November 20, 2020, this Court continued both trials in the case until

March 1, 2020. Subsequently, on January 13, 2021, this Court entered an Order establishing that

the trial on Counts 97-116 would occur before the trial on Counts 1-96, and setting a new trial

date of May 3, 2021. The second trial was to occur thereafter, on a date to be set.

Following the entry of the Chief Judge's latest order, on March 31, 2021, this Court held

a status conference with all counsel for the first of the severed trials. During that call, defense

counsel stated that, because the continuing Covid-19 situation, they would need a continuance to

late September or early October 2021 to effectively prepare to defend the case.  Government

counsel subsequently notified counsel for the additional defendants in the severed second trial of

this development, and of its intention to jointly move to continue both trials.  Counsel for each

defendant in the second severed trial (defendants Burrows, Neill, Crawford, Rodriguez and

Fiocca) replied that he or she would join in or not oppose that motion.  This Court therefore finds

that, because the Covid-19 pandemic, all defense counsel require additional time to prepare their

defenses in this case.

This Court further finds that, because of the restrictions on public movement and

interactions at the present time identified by the Chief Judge, a continuance of the present trial

dates are required to allow adequate preparation by the defense, and that failure to grant a

continuance will deny counsel for the defendants the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence.

In light of the COVID-19 situation in the District, as described more fully in the Standing

Orders, including the effect of the pandemic on the ability of the defense to adequately prepare

for trial, and in light of the complexities of this case, which includes two lengthy trials with

defendants with high profiles among the community, the ends of justice served by granting a

continuance of the trial dates outweigh the best interest of the public and the defendants to

speedy trial.

For these reasons, and for good cause shown, this Court ORDERS that the first of the

severed trials in this matter is continued to  _____, 2021, and the second of the

severed trials is continued to a date to be set, and further ORDERS, pursuant to 18 U.S.C.

§ 3161(h)(7)(A), that the period of delay from the entry of this Order until the trial date set here

shall be excluded under the Speedy Trial Act.

**BY THE COURT:**

_____
**HONORABLE JEFFREY L. SCHMEHL**
**United States District Court Judge**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO.  19 - 64** |
| **JOHN DOUGHERTY** | : | |
| **ROBERT HENON** | | |
| **BRIAN BURROWS** | : | |
| **MICHAEL NEILL** | | |
| **MARITA CRAWFORD** | : | |
| **NIKO RODRIGUEZ** | | |
| **BRIAN FIOCCA** | : | |
| **ANTHONY MASSA** | | |

## JOINT MOTION TO CONTINUE TRIAL
## AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The government and all defendants jointly move for a continuance of the trials in this case, and to exclude under the Speedy Trial Act the period of delay during the time period that trials are continued in this district as a result of the coronavirus disease COVID-19, and the time between the previously-set trial date of May 3, 2021 and the new date for the first of the severed trials to be set by this Court.

### I.    The Speedy Trial Act

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day "clock." § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of

time are excluded when the judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). The Court may consider in part whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." § 3161(h)(7)(B)(ii).

## II.   <u>Speedy Trial and Proceedings in this Case</u>

Based on the specific circumstances of this case, and the unopposed motion of the government, this Court previously declared this matter a complex case, and thereafter listed this matter for trial on September 14, 2020. A variety of pretrial motions were filed, some of which requested the severance of counts of the indictment for separate trials.

In March of 2020, COVID-19 caused a global pandemic that resulted in a shutdown of normal operations in the District. On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors. On the basis of these findings, the Chief Judge explained in the Order that the suspension of trials is required "to protect public health, reduce the size of public gatherings, and reduce unnecessary travel within this district."

On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through May 31, 2020. On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through August 31, 2020.

Meanwhile, on July 9, 2020, following a telephone conference earlier that day, this Court continued the trial in this matter from September 14, 2020 to October 26, 2020, excluding the time between the entry on that order and October 26, 2020, pursuant to 18 U.S.C. § 3161(h)(7)(A).

Thereafter, in late July 2020, defendants Burrows and Henon asked for a continuance of the trial, and defendant Dougherty joined that request. Following a conference call with all parties on September 17, 2020, this Court granted the continuance motions of the defendants, and set the new trial date as January 11, 2021. The time between September 17, 2020, and January 11, 2021, was excluded under the Speedy Trial Act.

Separately, on August 31, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in September or October on a test basis, all criminal jury selections and jury trials scheduled to begin before November 2, 2020, were continued pending further order of the Court. On October 30, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in November or December on a test basis, all criminal jury selections and jury trials scheduled to begin before December 31, 2020, were continued pending further order of the Court.

On November 2, 2020, this Court granted a defense motion for severance in this case, severing the indictment into two trials: Counts 1-96 and Counts 97-116. After receipt of a letter from counsel for one defendant and a November 4, 2020 telephone conference during which counsel for other defendants asked for a continuance, on November 20, 2020, this Court

- 3 -

continued both trials in the case until March 1, 2021. The time from January 11, 2021 until March 1, 2021, was excluded under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A).

Subsequently, on November 25, 2020, the Chief Judge issued a Standing Order stating that, because of worsening conditions related to the virus and actions taken by government officials to mitigate the spread of the disease, the Court continued all criminal jury selections and jury trials scheduled to begin on or before January 15, 2021, pending further Court order. Then, on January 15, 2021, the Chief Judge issued a Standing Order stating that, because of worsening conditions related to the virus and continuing restrictions imposed by State and local authorities to mitigate the spread of the disease, the Court continued all criminal jury selections and jury trials scheduled to begin on or before February 15, 2021, pending further Court order. The Chief Judge subsequently issued additional Standing Orders extending the continuance of all criminal jury trials due to conditions related to the pandemic.

On January 13, 2021, this Court ordered that the trial on Counts 97-116 in this case would occur before the trial on Counts 1-96, and that the trial on Counts 97-116 would commence on May 3, 2021.

On January 19, 2021, the government filed a Motion to Exclude Time Under the Speedy Trial Act, seeking to exclude under the Speedy Trial Act the period of delay during the time period that trials were continued in this district as a result of COVID-19, and the time between the previously set trial date of January 11, 2021, and the new trial date of May 3, 2021. On January 20, 2021, this Court entered such an order.

On March 30, 2021, the Chief Judge issued a Standing Order continuing all criminal jury selections and jury trials scheduled to begin on or before May 3, 2021. The Chief Judge stated that the test period for criminal jury trial will resume at that time. As outlined in an earlier

Standing Order issued on March 18, 2021, that process will involve only one criminal jury trial at a time conducted in the Courthouse in order to protect the health and safety of participants. The Chief Judge directed that all cases in which a trial is not designated to be held during the test period are continued through at least June 7, 2021.

In explaining his most recent Order, the Chief Judge stated:

> After weeks of declining numbers, COVID-19 cases in the Commonwealth of Pennsylvania and in this district are again increasing. Since the March 18, 2021, Standing Order was issued, the total number of COVID-19 cases in Pennsylvania has increased to more than 1,020,000, and the total number of cases in this district has increased to more than 470,000. District wide, the 14- and 7-day averages of new case counts have increased significantly in the past two weeks and are now at levels last seen in mid-February 2021. Daily new COVID-19 cases per 100,000 population have increased in eight of the nine counties in this district in recent weeks, in some instances by more than 50%. Positivity rates have also increased in eight of the nine counties in this district. Positivity rates are currently above 5% in all counties in this district and above 7% in five of those counties.

> These increases are occurring as new and more transmissible variants of the virus are circulating and as more cases of these variants are being detected in Pennsylvania. These increases are also occurring at time when a majority of the population in this district, including most case participants, has not yet been vaccinated. Although Pennsylvania and Philadelphia continue to make progress in vaccinating residents, most attorneys and Court staff are not yet eligible for the vaccine under the Pennsylvania and Philadelphia vaccination plans, and most inmates at the Federal Detention Center in Philadelphia have not yet had the opportunity to be vaccinated.

> While Pennsylvania plans to ease some of the restrictions currently in place in the Commonwealth, due to concern about the rise in the number of COVID-19 cases and hospitalizations in Philadelphia, the City will not adopt these relaxed restrictions at this time. The City has instead announced that, throughout the month of April, it will continue to review the local trends in cases, hospitalizations, and deaths to gauge when it is safe to further loosen restrictions.

The Chief Judge accordingly found his actions "necessary and appropriate . . . in order to protect public health and safety, including the safety of Court personnel and all persons entering courthouses and Court locations in this district."

In each Standing Order dating back to March 13, 2020, the Chief Judge found that the period of delay in each continued case shall be excluded under the Speedy Trial Act, as the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In the March 30, 2021, order, the Court declared the period of time until May 3, 2021, will be excluded in the Speedy Trial Act calculation in each case, and further:

> For those criminal cases that cannot be tried during the initial test period consistent with the health and safety protocols and limitations necessary for the conduct of jury trials at this time, as described in prior Standing Orders and the Initial Guidelines for the Reinstitution of Jury Trials, the additional time period from May 3, 2021, through June 7, 2021, shall also be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). The Court finds the ends of justice served by continuances that will be necessary in those cases outweigh the best interest of the public and each defendant in a speedy trial because, given the circumstances regarding the COVID-19 outbreak in this district, resumption of jury trials without these health and safety protocols and limitations prior to June 7, 2021, would jeopardize public health and safety and pose significant risks of exposure and transmission of the virus to trial participants, which would make continuation of a trial impossible or result in a miscarriage of justice. The Court may extend the period of exclusion by further order as circumstances may warrant, and the presiding judge in any criminal case for which trial will be continued based on this Standing Order may make any additional findings and exclude additional time, as necessary and appropriate, regarding the scheduling of any new date for trial.

This determination is permitted by law. *See, e.g.*, *Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (excluding time under the ends-of-justice exception based on disruption in the Eastern District of Washington caused by the Mount St. Helens volcanic explosion); *United States v. Correa*, 182 F. Supp. 2d 326 (S.D.N.Y. 2001) (same action in the Southern District of New York based on interruptions in court proceedings and public movement caused by the attack on the World Trade Center).

The present case was not designated by the Chief Judge as one of those few matters that was able to proceed under the test program beginning in September 2020 and concluding on November 25, 2020, or during the test period between May 3, 2021 and June 7, 2021.

On March 31, 2021, this Court held a conference call with counsel for the parties involved in the first of the severed trials, that is, the government and defendants Dougherty and Henon.  During that call, defense counsel stated that the circumstances of the pandemic, including the closure of law offices and the hesitancy of witnesses to meet with counsel, have made preparation of the defense's case difficult.  Counsel also made clear that counsel expects that those difficulties will persist for some time yet to come.   Counsel for the government and the defense agreed that a new trial date in late September or early October should allow counsel adequate time to prepare, particularly if vaccinations for Covid-19 continue as expected.

Thereafter, government counsel contacted counsel for each of the other defendants in this case whose case is set for the second of the severed trials, and apprised them of the developments in the status conference for the first trial, and of its intention to seek a continuance of the second severed trial and an exclusion of the time under the Speedy Trial Act.  Counsel for defendants Burrows, Neill, Crawford, Rodriguez and Fiocca each agreed to join in or not oppose such a motion.  The instant motion followed.

### III.    <u>Request for Continuance of Trial and Exclusion of Time</u>

The government and the defendants respectfully request that the Court continue the first trial in this matter until late September or early October 2021. That continuance is required not only because of the present suspension of trials in this district, but also because the restrictions on public movement and interactions at the present time are limiting and will continue to limit the ability of the parties to gather evidence, meet with witnesses, and otherwise prepare for trial.

The government also respectfully requests that this Court enter an order excluding from the speedy trial calculation all delay caused by the suspension of trials in this district and the continuance requested here.

The pertinent statute provides that ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*. *See also* 18 U.S.C. §3161((h)(7)(B)(iv)(court should consider whether failure to grant continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.")

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id*. at 507. Moreover, any such failure cannot be harmless. *Id*. at 509.

Thus, the Third Circuit has declared that when entering a continuance order, the district court must either state "the factual basis for excluding time under the Act or us[e] language that invokes it." Otherwise, "the delay caused by the continuance is not excluded and the court cannot exclude the time in hindsight." *United States v. Reese*, 917 F.3d 177, 182 (3d Cir. 2019).

In the case at bar, a further continuance until the new trial date, and suspension of time under the Speedy Trial Act until that time, is plainly warranted. Both of the severed trials of this complex case are themselves complex. In addition, each trial is expected to be lengthy, and thus particularly difficult to carry out during an uncontrolled global pandemic. Moreover, each of the

trials involves defendants who have attracted public interest, making a larger number of prospective jurors a necessity, which again suggests that a trial during an uncontrolled pandemic will be very difficult to conduct, and potentially unsafe for the prospective jurors, the parties, and Court staff.  Based on the representations of the defense attorneys during the most recent conference call, it is clear that the pandemic has interfered with the ability of the defense to prepare for trial, rendering it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" that would apply absent the continuance. *See* §3161(h)(7)(B)(ii).  Defense counsel for the second trial have joined in this motion.

Clearly, the ends of justice served by granting a further continuance outweigh the best interest of the public and the defendants to speedy trial.  Accordingly, the government respectfully requests that this Court enter a case-specific order finding excludable delay appropriate in this particular case under § 3161(h)(7)(A), based on the sound reasons set forth in the Chief Judge's Standing Orders, this motion, and the parties' requests. A proposed Order for this purpose is attached.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

MICHELLE MORGAN
Assistant United States Attorney
Chief, Corruption and Labor Racketeering Section

/s/ *Bea L. Witzleben*
FRANK R. COSTELLO, JR.
RICHARD P. BARRETT
BEA L. WITZLEBEN
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing

pleading with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to the attorneys of record for the defendants, who are identified below.

Henry Hockeimer and David Axelrod
Counsel for Defendant John Dougherty

Brian McMonagle
Counsel for Defendant Robert Henon

Thomas Bergstrom
Counsel for Defendant Brian Burrows

Joseph Capone
Counsel for Defendant Michael Neill

Fortunato Perri
Counsel for Defendant Marita Crawford

Paul Hetznecker
Counsel for Defendant Niko Rodriguez

Nina Spizer
Counsel for Defendant Brian Fiocca


_s/Bea L. Witzleben_
BEA L. WITZLEBEN
Assistant United States Attorney


Dated: April 7, 2021