## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

UNITED STATES OF AMERICA, :
:
        Plaintiff, : CRIMINAL NO: 2:19-cr-00064-JLS-1
  v. :
:
JOHN DOUGHERTY, :
:
        Defendant. :
:

---

**MOTION TO FILE JOHN DOUGHERTY'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE UNDER SEAL**

Defendant, John Dougherty, by and through his undersigned counsel, hereby moves to file under seal the concurrently submitted Motion *in Limine* to Exclude Certain Evidence, and Memorandum of Law in support thereof, attached hereto as Exhibit A. In support thereof, Mr. Dougherty avers as follows:

    1.    On January 29, 2019, a 116-count federal indictment was unsealed, naming John Dougherty and seven other individuals as defendants. *See* Dkt. No. 1.

    2.    During the course of the government's investigation, the government sought and obtained eighteen months of recordings of Mr. Dougherty's and others' private conversations, pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, *et seq.* Additionally, the government presented evidence before a grand jury over a multiple-year period.

    3.    The government has now indicated that at trial, which is set to open on October 4, 2021, it intends to offer a number of the Title III recordings as well as evidence that it presented before the grand jury convened in this matter.

4. Mr. Dougherty now seeks to preclude, by way of a narrowly tailored Motion *in Limine*, certain highly prejudicial and irrelevant evidence pursuant to Rules 401, 402, 403 and 701 of the Federal Rules of Evidence.

5. Given the highly prejudicial nature of this evidence and the high-profile nature of this proceeding, Mr. Dougherty seeks to file his Motion *in Limine* under seal.

6. "[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Rather, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.*; *see also* FED RULES CRIM. PROC. R. 49.1 ("The court may order that a filing be made under seal without redaction.").

7. While there is a presumption of public access to judicial records – *i.e.*, those filed or somehow "incorporated or integrated into a district court's adjudicatory proceedings" – the presumption may be rebutted where "the interest in secrecy outweighs the presumption." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quotation marks and citations omitted). Where the material that is sought to be disclosed "is the kind of information that courts will protect" and "disclosure will work a clearly defined and serious injury to the party seeking closure," the presumption is rebutted." *Id.*

8. Title III also recognizes the need to protect individuals from an unnecessary intrusion into their personal communications as well as the need to ensure that those communications are not made public prior to trial. *See United States v. Vento*, 533 F.2d 838, 844 (3d Cir. 1976) ("Title III obliges the courts to measure the permissible use of sophisticated electronic investigative tools against the specific restraints [including the necessity requirement] imposed by Congress to avoid undue intrusions upon privacy.").

9. Consistent with Title III, the recordings that Mr. Dougherty seeks to preclude in part from trial have never been made public, and contain highly sensitive material, some of which is personal in nature.

10. Further, the evidence that Mr. Dougherty seeks to exclude from trial is irrelevant and should thus, remain under seal. Disclosure of these materials approximately three weeks before a jury is to be impaneled would serve no legitimate purpose and would negatively impact Mr. Dougherty's ability to not only pick a jury but also to have a fair trial.

11. Additionally, sealing is appropriate in order to comply with the Protective Order the Court entered on April 18, 2019. (Dkt. No. 76 (limiting disclosure of materials provided in discovery to "as is necessary to prepare for trial and for use at trial")).

WHEREFORE, Mr. Dougherty respectfully requests that this Court grant this Motion to File his Motion *in Limine* to Exclude Certain Evidence Under Seal.

Dated: September 9, 2021

**BALLARD SPAHR LLP**

By: */s/ Emilia McKee Vassallo* .
Henry E. Hockeimer, Jr. (I.D. No. 86768)
David L. Axelrod (I.D. No. 323729)
Terence M. Grugan (I.D. No. 307211)
Emilia McKee Vassallo (I.D. No. 318428)
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
T: 215.665.8500
F: 215.864.8999

*Attorneys for Defendant John Dougherty*