IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JOHN DOUGHERTY,

        Defendant.

CRIMINAL NO: 2:19-cr-00064-JLS-1

---

**DEFENDANT JOHN DOUGHERTY'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT DIRECT EVIDENCE, AND ALTERNATIVELY, EVIDENCE OF SIMILAR CRIMES AND ACTS OF JOHN DOUGHERTY PURSUANT TO RULES 401 AND 404(b) OF THE FEDERAL RULES OF EVIDENCE**

Defendant John Dougherty, by and through his undersigned counsel, herby submits this response in opposition to the government's motion to admit certain evidence pursuant to Rules 401 and 404(b) of the Federal Rules of Evidence.

## I.   INTRODUCTION

At the eleventh hour, just three weeks before trial, the government attempts to either re-litigate this Court's order severing the Indictment or to significantly amend it by asking the Court to sanction the admission of evidence that is wholly irrelevant to the charges at issue. Putting aside whether this evidence is intrinsic to the honest services counts (which it is not) or proper 404(b) evidence (which it also is not), permitting the government to present such evidence to the jury would severely prejudice Mr. Dougherty's ability to prepare for trial at this juncture. To permit the government to backdoor evidence of the severed counts into this trial, would require Dougherty, and his co-defendant Robert Henon, to not only review a substantial number of additional documents, but also to prepare for additional (and unanticipated) witnesses.

Moreover, injecting evidence from both Counts 1-86 (the "embezzlement counts") and Counts 87-96 (the "labor bribery counts") into the honest services trial will not only confuse the jury but could also lead the jury to convict on improper grounds. This evidence will, without a doubt, unduly delay and prolong the trial, resulting in mini-trials on these unrelated and to date unproven allegations. And, despite the government blithely asserting in a footnote that any prejudice could be magically cured with a limiting instruction to the jury, such is not the case. Rather, the prejudice that Mr. Dougherty will surely face for injecting this evidence into the upcoming trial cannot be mitigated once admitted.[1]

## II.     BACKGROUND

In January 2019, the government unsealed an 116-count indictment naming John Dougherty and seven others as defendants. In April 2019, several co-defendants indicted with Mr. Dougherty, filed motions to sever the indictment, which the Court granted on November 2, 2020. In its opinion, which severed the Indictment and ordered two distinct trials, the Court acknowledged that the Indictment alleged three conspiracies: (1) the embezzlement counts (Counts 1-87); (2) the labor bribery counts (Counts 88-96); and (3) the honest services counts (Counts 97-116).

In granting the motion to sever, the Court held that Mr. Dougherty and co-Defendant Robert Henon would be tried first on charges that they conspired to commit and committed honest services fraud in violation of 18 U.S.C. § 1346 and federal program bribery in violation

---

[1] While the Court has scheduled oral argument on the motions *in limine* filed in this matter for September 28, 2021, given that this motion was not styled as a motion *in limine*, it is unclear whether it is subject to the Court's scheduling order. Moreover, given that the evidence that the government seeks to introduce pursuant to this motion would significantly alter the scope of trial, Mr. Dougherty files this response in advance of the filing deadline with the hope that the Court will provide guidance with sufficient time to prevent Mr. Dougherty from suffering any prejudice in his preparation for the October 4 trial.

of 18 U.S.C. § 666 (Counts 97-109).  (*See* Dkt. No. 168 (the "Severance Op.").)  This trial, the honest services trial, is set to open in less than three weeks on October 4, 2021.  Counts 1-96 – which encompass both the labor bribery and embezzlement counts – is set to proceed to trial at some date to be determined upon completion of the honest services trial.

In severing the Indictment, the Court found that severance was warranted because "the prejudice and confusion in this case" should it be tried as indicted, "would be unavoidable, and a single jury would be unable to compartmentalize all of the counts and evidence."  (Severance Op. at 7.)  Moreover, the Court found that "[t]he risk of 'guilty by association,' and the defendants' different degrees of culpability shows that the prejudice against Henon for Counts 1-96 and the prejudice against the defendants not named in Counts 97-116 is so high that defendants would likely not receive a fair trial."  (*Id.* at 5.)

Now – almost ten months *after* the Court issued its Severance Opinion and on the eve of the honest services trial – the government seeks to introduce evidence from the severed embezzlement and labor bribery counts during the honest services trial.  Specifically, the government seeks to introduce evidence that: (1) Mr. Dougherty and George Peltz, owner of MJK Electric, an electrical contractor that performed work for Comcast, engaged in other transactions unrelated to the Comcast franchise agreement at issue in honest services case; (2)  Mr. Dougherty allegedly hired other employees and agents for Local 98 and some of these individuals failed to perform any work, despite being paid; and (3) Mr. Dougherty received personal goods paid for by Local 98.  Yet, despite the government's assertions that this evidence is "intrinsic" to the honest services charges, none of this evidence is direct evidence of these charges.  Rather, this evidence is propensity evidence that is barred by Rule 404(b) of the Federal Rules of Evidence and must therefore, be barred from trial.  And, even if the government could

meet its burden of articulating a non-propensity purpose for this evidence, because its probative value is substantially outweighed by the risk that it would unfairly prejudice Mr. Dougherty, Rule 403 bars its admission at trial.  Moreover, the introduction of this evidence into the honest services trial would only confuse the jury, result in mini-trials within the larger trial causing undue delay, and invite the jury to convict on impermissible grounds.  Thus, Mr. Dougherty respectfully requests that the Court deny the government's motion.

### III. ARGUMENT

#### A. The Evidence that the Government Seeks to Admit Is Not Intrinsic Evidence of the Charges at Issue during the Honest Services Trial

Where evidence of other crimes and bad acts is "intrinsic" to the charged offenses, it need not be analyzed pursuant to Rule 404(b) of the Federal Rules of Evidence.  *United States v. Green*, 617 F.3d 23, 245 (3d Cir. 2010).  However, in the Third Circuit, there are only "two narrow categories" of intrinsic evidence.  *Id.* at 248.  First, evidence is intrinsic where it "'directly proves' the charged offense" such that "it is not evidence of some 'other' crime." *Id.* at 248-49.  Second, evidence is considered intrinsic if the "uncharged acts performed contemporaneously with the charged crime . . . facilitate the commission of the charged crime." *Id.* at 249 (quoting *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)).

Here, Mr. Dougherty and Mr. Henon are being tried on counts of honest services fraud pursuant to 18 U.S.C. § 1346 and federal program bribery pursuant to 18 U.S.C. § 666.  None of the proffered evidence from the severed counts is direct evidence of these charges.  For example, whether Mr. Dougherty received anything of value from George Peltz is not direct evidence of whether he violated these two specific statutes.  Nor is evidence of *other* hiring decisions that Mr. Dougherty made probative of whether or not Mr. Henon was properly employed by the Union in this instance.  And, the allegations that Mr. Dougherty obtained items of value from the

union is even more far flung from these charges.  Rather the evidence that the government proffers for admission in its motion is "evidence of some 'other' crime," and must be evaluated pursuant to Rule 404(b).  *See Green*, 617 F.3d at 249.

Further support of the extrinsic nature of this evidence to the honest services counts is implicit in the Court's November 2020 order that severed these counts from the embezzlement and labor bribery counts.  Yet, the government nonetheless seeks to backdoor this evidence in contravention of this Court's order on the eve of trial.  And, while the government states, without any citation to authority that "[f]acts of consequence are not restricted to the essential elements of the charged offense," that does not mean that "facts of consequence" are synonymous with "intrinsic evidence."  Indeed, intrinsic evidence "must be either directly probative of one of [the elements of the charged crime] or an uncharged contemporaneous act that facilitates the commission of [the charged crime]." *United States v. Shelow*, No. 10-0037, 2011 U.S. Dist. LEXIS 141626, at *9 (E.D. Pa. Dec. 8, 2011).  Thus, despite the government's urgings for this proffered extrinsic evidence to be admissible at trial as intrinsic evidence, it is not and the government must meet the stringent requirements of Rule 404(b) – which it cannot.

> **B.     Rule 404(b) Prohibits the Admission of the Proffered Evidence, as the Evidence Has No Relevance in the Honest Services Trial Other Than to Serve as Prohibited Propensity Evidence**

Evidence that is not intrinsic, but rather is extrinsic, is subject to Rule 404(b) of the Federal Rules of Evidence, which dictates that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. R. 404(b)(1).  In other words, evidence that is merely used to demonstrate one's propensity to act in a certain manner is inadmissible. *United States v. Smith*, 725 F.3d 340, 345 (3d Cir. 2013).  The Third Circuit has explained that Rule 404(b)

> reflects the longstanding concern that evidence of prior bad acts, when offered only to show the defendant's propensity to commit the charged crime, "is said to weigh too much with the jury and to so overpersuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge."

*United States v. Caldwell*, 760 F.3d 267, 275 (3d Cir. 2014) (quoting *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992)).

And, while evidence of a prior bad act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," FED. R. EVID. R. 404(b)(2), a "mantra-like recitation" of these permissible purposes is not sufficient to justify admission of 404(b) evidence," *United States v. Morley*, 199 F.3d 129, 137 (3d Cir. 1999) ("Neither a trial court nor an appellate court is comforted when a proponent attempts to justify 'bad act' evidence by resorting to a mantra-like recitation of the provisions of Rule 404(b)."). Rather, the burden is on "the proponents of the 404(b) evidence" to "do more than conjure up a proper purpose—they must also establish a chain of inferences no link of which is based on a propensity inference." *Smith*, 725 F.3d at 345. And, the Third Circuit has "repeatedly emphasized that Rule 404(b) must be applied with careful precision." *Caldwell*, 760 F.3d at 274 (noting that this precision requires that "evidence of a defendant's prior bad acts is not to be admitted unless both the proponent and the District Court plainly identify a proper, non-propensity purpose for its admission."). Moreover, "evidence that may be relevant for some purposes may be irrelevant for the purpose of which it is offered, or only relevant in some impermissible way." *Id.* at 277 (citing *Morley*, 199 F.3d at 133 (internal quotation mark omitted)). Nor is there an "alchemistic formula by which 'bad act' evidence that is not relevant for a proper purpose under Rule 404(b) is transformed into admissible evidence." *Morley*, 199 F.3d at 133.

In the Third Circuit, a four-part test is used to determine whether evidence subject to Rule 404(b) is admissible. Pursuant to this test, "[p]rior-acts evidence is admissible only if it is (1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested." *United States v. Davis*, 726 F.3d 434, 441 (3d Cir. 2013).

> **1.    The Government Has Failed to Articulate a Permissible Use for Evidence of Mr. Dougherty's "Transactional Relationship" with the Owner of MJK Electric or of the Evidence that Mr. Dougherty Allegedly Received Goods Paid for by Local 98**

The government asserts that evidence from the labor bribery counts regarding alleged unrelated transactions between Mr. Dougherty and Mr. Peltz and from the embezzlement counts regarding alleged personal property that Mr. Dougherty received from Local 98 are admissible as evidence of his motive and intent to commit honest services fraud and federal program bribery. This evidence is not relevant to do so, but rather is offered as propensity evidence – that Mr. Dougherty received alleged bribes from Mr. Peltz makes it more likely that that he paid Mr. Henon bribes and that because Mr. Dougherty is alleged to have stolen from the union, he is more likely to have committed the crimes at issue in the honest services case. Moreover, even if the government could articulate a manner in which this evidence could be used to establish Mr. Dougherty's motive, which "***is not an element of the offense***," *Third Circuit Model Jury Instruction* 5.04 (emphasis added), the jury would misuse this evidence as propensity evidence and be thus, invited to convict on improper grounds. *See United States v. Wright*, 665 F.3d 560, 576 (3d Cir. 2012) (reasoning that "because the 'motive' evidence tends to show one type of fraud (honest services) in a trial about another type (traditional), it may be inadmissible character evidence under Rule 404(b)."). Therefore, the Court should reject the government's 11th hour request to admit this evidence during the honest services trial.

### 2. The Government's Proffered Evidence to Demonstrate that Mr. Dougherty Controlled Hiring and Employment Decisions at Local 98 is Inadmissible Propensity Evidence

The government asserts that it should be permitted to offer at trial evidence consistent with the allegations contained in Count I of the Indictment that Mr. Dougherty hired individuals, some of whom are alleged to have been paid for work that was not performed. The government asserts that such evidence is relevant to prove that Mr. Dougherty "controlled most, if not all, aspects of hiring, paying and supervising Local 98 employees, agents and consultants . . . ." (Dkt. No. 190 at 17.) Mr. Dougherty will stipulate at trial to the applicability and authenticity of the IBEW Constitution to which the government cites in its motion at page 17. Indeed, that constitution vests Mr. Dougherty with the power to "appoint any and all Business representatives, and these shall work directly under his supervision and be subject to his authority as provided" by IBEW's Constitution. IBEW Constitution Article VI § 4.

The additional evidence about specific instances in which Mr. Dougherty hired and supervised other Local 98 employees that the government seeks to offer at trial has no relevance other than as propensity evidence, to wit, that Mr. Dougherty approved of paying individuals who did not perform services for the union, and therefore, he approved of paying Mr. Henon, who the government alleges did not perform any services for the union. This is the exact type of evidence that Rule 404(b) prohibits and therefore, the government must be precluded from offering this evidence at trial.

### C. Rule 403 Further Bars the Government from Offering the Evidence Identified in its Motion

Even if the government could articulate a non-propensity purpose for the admission of the evidence identified in its motion, Rule 403 must bar its admission. *See Davis*, 726 F.3d at

441 (noting that the proponent of the evidence must demonstrate that it is "sufficiently probative under the Rule 403 balancing requirement"). Indeed, evidence of prior bad acts

> is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

*Caldwell*, 760 F.3d at 284 (quoting Fed. R. Evid. 404(a) Advisory Committee Note). Therefore, Rule 403 dictates that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. R. 403; *see also United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002) (relevant evidence is inadmissible where "its unfairly prejudicial effect 'substantially outweighs' its probative value."). When evaluating whether evidence should be properly excluded under Rule 403, the Court must "balance (i) the strength of the evidence; (ii) the need for the evidence in light of the contested trial issues and the other evidence available to the government; and (iii) the danger that the evidence will inflame the jurors and cause them to convict on impermissible grounds." *United States v. Bey*, No. 16-290, 2017 U.S. Dist. LEXIS 65644, at *15 (E.D. Pa. Apr. 28, 2017). The Court has "broad discretion" when evaluating these factors. *Id.*

      Here, the government seeks to offer evidence of other alleged criminal acts that Mr. Dougherty, and others, have yet to have the opportunity to defend themselves against in court. Permitting the government to offer this evidence in the honest services trial would invite the jury to convict on improper grounds, as well as unnecessarily prolong the length of what promises to be an already lengthy trial. Moreover, it would require mini-trials within the honest services trial during which the government would seek to prove the allegations contained in the severed counts. This is exactly the type of situation that Rule 403 seeks to prevent. *See United States v.*

*Jimenez*, 513 F.3d 62, 76 (3d Cir. 2008) (affirming the exclusion of evidence pursuant to Rule 403 where the evidence was of "marginal relevance" and citing "the risk of delay and confusion created by a mini-trial to explain the evidence").

Although the government states, in a footnote, that any prejudice that Mr. Dougherty might face from the admission of the proffered evidence could be cured by a proper jury instruction, such an argument ignores the highly prejudicial nature of the evidence. Moreover, given the likelihood that the introduction of this evidence would result in undue delay at trial, due to the mini trials that would be required to present and explain the evidence's relevance, as well as the confusion that it would cause, a jury instruction would simply be insufficient to prevent and/or remedy the unfair prejudice that would result. This is especially true given that Mr. Dougherty and his co-defendants in the embezzlement case have yet to stand trial on these charges and are set to do so *after* the conclusion of the honest services trial. And, given the heightened media attention to this case, allowing the government to present this irrelevant evidence during the honest services trial will only further prejudice Mr. Dougherty's and his co-defendants' ability to have a fair trial on these counts at a later date.

Therefore, Mr. Dougherty respectfully requests that the Court deny the government's motion to admit evidence from the severed labor bribery and embezzlement counts during the honest services trial.

## IV.  CONCLUSION

For the foregoing reasons, Mr. Dougherty respectfully requests that the Court enter an order precluding the government from offering evidence: (1) that Mr. Dougherty and Mr. Peltz engaged in unrelated transactions consistent with the allegations contained in the labor bribery counts; (2) from the embezzlement counts that Mr. Dougherty had previously hired individuals

and made decisions regarding their pay and responsibilities; and (3) that Mr. Dougherty received items of value paid for by Local 98's General Fund, as alleged in the embezzlement counts.

Dated:  September 15, 2021

Respectfully submitted,

*/s/ Henry E. Hockeimer, Jr.                        .*
Henry E. Hockeimer, Jr. (I.D. No. 86768)
David L. Axelrod (I.D. No. 323729)
Terence M. Grugan (I.D. No. 307211)
Emilia McKee Vassallo (I.D. No. 318428)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
T: 215.665.8500
F: 215.864.8999

*Attorneys for Defendant John Dougherty*