IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION<br>No. 19-64-1 and 2 |
| JOHN DOUGHERTY and ROBERT HENON, | |

### ORDER

**AND NOW**, this 1st day of October, 2021, upon review of the Government's Motion to Admit, the opposition thereto, the various letters to the Court, and having held a pretrial conference on the issues, it is hereby **ORDERED** as follows:

1. The Government's Motion to Admit evidence of Mr. Dougherty's and Mr. Peltz's transactional relationship is **GRANTED**. The Government shall not present any evidence on this issue before October 18, 2021;

2. The Government's Motion to Admit evidence of Mr. Dougherty's control of Local 98 employment is **GRANTED**; and

3. The Government's Motion to Admit evidence of Mr. Dougherty's personal benefits paid for by Local 98 is **DENIED**.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
Jeffrey L. Schmehl, J.[1]

---

[1] In the Government's Motion to Admit Direct Evidence, and alternatively, to Admit Evidence of Similar Crimes and Acts of Defendant John Dougherty the Government seeks to admit three pieces of evidence: (1) evidence of Defendant

1

Dougherty's transactional relationship with MJK Electric owner George Peltz; (2) evidence of Defendant Dougherty's control of hiring, paying, and supervising Local 98 employees; and (3) evidence of benefits in the form of personal goods acquired by Defendant Dougherty that were paid by Local 98's General Fund. (ECF #190.) In sum, the Government argues that this evidence should be admitted as intrinsic evidence (except for the employment evidence), or alternatively, the evidence is admissible under Federal Rule of Evidence 404(b)(2).

First, the Court finds that none of the above evidence falls into the "narrow categor[y]" of "intrinsic evidence." *United States v. Green*, 617 F.3d 233, 248 (3d Cir. 2010). As it applies to this instance, intrinsic evidence is that which "directly proves the charged offense." *Id.* at 248. For this trial, which is the first of two trials, Defendants Dougherty and Henon are charged with an array of corruption-based charges. Specifically, they are charged with conspiracy, honest services wire and mail fraud, and federal program bribery accepting and soliciting. The second trial is an array of embezzlement and labor bribery charges against Defendant Dougherty and six others.

The two pieces of evidence that the Government seeks to admit do not "directly prove" the honest services fraud nor the federal program bribery. The evidence of Dougherty's and Peltz's "transactional relationship" is direct proof for counts 88-96, the "labor bribery counts." Similarly, the evidence of Dougherty receiving personal benefits that were paid for by Local 98 is direct proof for counts 1-87, the "embezzlement counts." The Court finds that these pieces of evidence cannot directly prove any charge in the first trial.

The Government continuously states and conflates that this evidence shows Dougherty's intent and motive in committing honest services fraud and federal program bribery. However, motive is explicitly not an element of any charge in this trial. *See Third Circuit Criminal Model Jury Instruction*, No. 5.04. The intent element in this trial is whether the defendants "intend[ed] to defraud," or, said in another way, whether the defendants "acted with a desire or purpose to bring about some gain or benefit…." *Third Circuit Model Criminal Jury Instructions*, No. 6.18.1341-1; *Third Circuit Model Criminal Jury Instructions*, No. 6.18.1341-4. The element of intent then relates to whether the defendants intended to defraud the City of Philadelphia of honest services. Whereas in the embezzlement trial, the intent element will be whether Dougherty intended to financially benefit himself through embezzling unions assets and labor bribery. This evidence, at best, is circumstantial evidence of showing motive, and it is not direct proof of intent or any of the charged offenses in this trial.

The Government further contends that this evidence, and the employment-related evidence, should be admissible under Rule 404(b)(2).

First, the Court agrees with the Government, as it did on the record at the pretrial conference, that the employment-related evidence should be admitted as evidence to show knowledge, intent, absence of mistake, and/or plan under Rule 404(b)(2). The Government plans to offer nine witnesses to prove that Dougherty was the person who dictated the terms of Defendant Henon's Local 98 employment while Henon was serving as a Philadelphia City Councilman. This evidence is exceptionally important and probative in showing part of the alleged "stream of benefits" Henon received from Dougherty in exchange for his official acts. The evidence will show Dougherty's intent in having Henon on the payroll during his City Councilman tenure, knowledge of the employment, control of the employment, and all of which goes to whether a stream of benefits existed and whether the two had a plan to defraud the City of Philadelphia. Further, this evidence is not overly prejudicial because it only shows what terms

of employment Dougherty had control over, and it would shed little to no negative light on Dougherty in this regard.

  Second, the Court agrees with the Government that Dougherty's and Peltz's transactional relationship is admissible to show Dougherty's motive in demanding that Henon commit certain official acts. This evidence will be used to show that Dougherty directed Henon to ensure that Comcast would use Peltz's company to install new internet cables throughout the city, and Peltz would continue to provide Dougherty and his family and friends with free or discounted services. In other words, this evidence is a pure link showing that Henon committed this official act at the behest of Dougherty so that Dougherty would continue to receive a direct benefit—free or discounted services from Peltz. Therefore, this evidence is admissible under 404(b)(2) to show Dougherty's motive in getting Henon to make an official act. The Court finds that the probative value is not substantially outweighed by the prejudicial effect of this evidence because the evidence has an exceptionally high probative value, and the fact that one of Dougherty's acquittances provided free or discounted services for him does not have a strong likelihood that the jury would convict him or Henon on any improper grounds.

  Third, the Court agrees with Defendant Dougherty that the evidence concerning the personal benefits he received that were paid for by Local 98 has no place at this trial. This is direct evidence for the embezzlement trial. In this trial, the Government offers it to show Dougherty's motive in getting Henon to perform one official act, and it is very attenuated at that. The Government states that it would show why Dougherty wanted Henon to force CHOP to hire Local 98 to install an MRI machine. In other words and in summation, the link in this scenario is that Dougherty was routinely enjoying personal benefits from Local 98, such as dinner bills on Local 98 credit cards, and in order to continue that enjoyment, Dougherty had Henon get more work for Local 98, which was a job to install a MRI machine at CHOP. While this evidence may be relevant and show some motive, the probative value here is not nearly as high as it is with the evidence concerning Dougherty's and Peltz's relationship. Local 98 already has tens of millions of dollars at their disposal. Showing that Dougherty wanted to fuel his personal benefits of using Local 98 credit cards by getting Henon to get Local 98 one more job is not very probative in proving honest services fraud. Unlike the transactional relationship with Peltz, where Dougherty had Henon get Peltz the Comcast job and Peltz directly gave Dougherty free or discounted services, here, Dougherty had Henon get Local 98 one more job, despite that Local 98 has tens of millions at their disposal, and then the Government seeks to connect this with Dougherty's personal use of Local 98 credit cards. The degree of prejudice is very high. The jury would be shown a long list of personal purchases, such as dinners and errands at Target, all in the Government's effort of showing an attenuated motive for a single incident. The jury could very likely see these personal purchases for what they allegedly actually are, that is, embezzlement or theft. Accordingly, the Court finds that this evidence presents severe propensity evidence, it would prejudice both defendants and cause a high likelihood of a conviction on improper grounds, it presents marginal relevance of 'motive evidence,' and therefore, the probative value of this evidence is substantially outweighed by its prejudicial effects.