IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JOHN DOUGHERTY and ROBERT HENON,

CRIMINAL ACTION
No. 19-64-1 and 2

## ORDER

**AND NOW**, this 1st day of October, 2021, upon review of Defendant Dougherty's and Defendant Henon's Motions to Continue the Trial, and the Government's opposition thereto, it is hereby **ORDERED** that the Motions to Continue the Trial are **DENIED**. The Trial will commence as scheduled with jury selection beginning on Monday, October 4, 2021.

BY THE COURT:

*/s/ Jeffrey L. Schmehl*
Jeffrey L. Schmehl, J.[1]

---

[1] Defendants claim that they are not ready for trial given a recent disclosure of evidence by the Government through a Motion in Limine. Defendants complain that the three pieces of evidence the Government seeks to admit should not be presented at this trial, and if they are permitted, then the Court should grant a continuance.

But this evidence is not new nor is it a surprise. The indictment in this case was unsealed on January 30, 2019. The Government states that the Defendants have had this information for over two years. Trial has been set and actually planned to commence on multiple occasions throughout the past year. It is only because of the COVID-19 pandemic that the trial has not yet begun. Specifically, the trial was set and ready to commence in September 2020, January 2021, March 2021, May 2021, and now, it is set and ready to commence on October 4, 2021.

The Motion to Admit that concerns the Defendants was not filed on the "eve of trial." It was filed approximately three weeks before the trial is set to commence, yet Defendants filed their Motion to Continue the Trial at nine o'clock at night on the second to last business day before trial commences. The Court just recently adjudicated the Motion in Limine in which the Court ruled that two of the three pieces of evidence may be admitted at trial. The Court denied the Government from admitting in this trial what the Court sees as the most contentious piece of evidence, Defendant Dougherty's personal benefits. Then one of the two pieces of evidence that the Court admitted was evidence about Defendant Dougherty's employment control which the Defendants surely should have expected give the alleged stream of benefits.

Further, the defendants know most, if not all, of the witnesses that the Government listed regarding these two pieces of evidence as most are family members, friends, or business associates. Additionally, the Court Ordered that the Government shall not submit any evidence concerning Defendant Dougherty's and Peltz's relationship until after two weeks of the trial's commencement which gives the Defendants more time to prepare.

       The Defendants argue that the Court's Severance Order and Opinion kept this evidence out, therefore, they did not expect it to be admitted. The Court's Severance Order and Opinion mainly concerned all of the Defendants except for Defendant Dougherty because he is the only Defendant named in all of the counts of the indictment. The Court was concerned that having one trial would prejudice the defendants named in the embezzlement counts when the jury heard evidence concerning the corruption counts and vice versa. With that said, Dougherty would not suffer such prejudice because he is named in the embezzlement and corruption counts so all evidence, in theory, would relate to him. The Motion to Admit evidence is also very relevant to this trial, and nothing in the Court's Severance Opinion took away any right of the Government to try to admit this evidence. Thus, the Defendants should have very well expected the Government to try to submit this evidence at this trial.

       The Court strongly does not believe that the Defendants are prejudiced in any way by the admittance of the two pieces of evidence that they were well aware of, Dougherty's employment control and Dougherty and Peltz's relationship, so that a continuance would be warranted.