IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | CRIMINAL NO: 2:19-cr-00064-JLS-1 |
| v. : | |
| JOHN DOUGHERTY, : | |
| Defendant. : | |

---

**DEFENDANT JOHN DOUGHERTY'S PRE-TRIAL MEMORANDUM OF LAW**

Defendant John Dougherty, by and through his undersigned counsel, herby submits this pre-trial memorandum of law in advance of his October 4, 2021 trial on Counts 97-109 of the Indictment.

**I.      INTRODUCTION**

On September 24, 2021, both the government and defendants Dougherty and Robert Henon, submitted to the Court proposed jury instructions. These instructions illustrate the government's fundamental misapprehension of the current, recently-developed law as it must apply in this trial as to precisely what the government must prove. This is particularly true with regard to the applicable law setting forth the *quid pro quo* agreement the government must prove existed and which is the essence of a bribery charge and the relevant intent that the government must prove, beyond a reasonable doubt, to convict Dougherty at trial. Therefore, prior to the commencement of this trial, Dougherty provides the following legal memorandum setting forth the applicable law establishing the government's burden of proof at trial in order to assist the Court during the course of the trial and as the evidence is presented.[1]

---

[1]   Dougherty is aware that the Court has yet to hold a conference on the jury instructions that were submitted to the Court on September 24, and therefore, has neither adopted nor

## II. LAW GOVERNING THE HONEST SERVICES FRAUD CHARGES

18 U.S.C. §§ 1341 and 1343 criminalize any "scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises." The phrase "scheme or artifice to defraud" encompasses "a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346. In *Skilling v. United States*, 561 U.S. 358 (2010), the Supreme Court limited the application of § 1346 to only the "solid core" of honest services fraud prosecutions, to wit "the paradigmatic cases of bribes and kickbacks." *Id*. at 407-09, 411. In doing so, the Court made clear that a prosecution based upon a conflict of interest alone was impermissible. *Id.* at 408 (holding that such prosecutions "would raise the due process concerns underlying the vagueness doctrine."). Therefore, while § 1346 reaches criminalizes schemes "to deprive another of the intangible right of honest services," it does so only to the extent that such schemes reach "fraud based on bribes and kickbacks and not based on a failure to disclose a conflict of interest." *United States v. Ciavarella*, 716 F.3d 705, 729 (3d Cir. 2013) (citing *Skilling*, 561 U.S. at 409-12).

The honest services statute's prohibitions on bribes and kickbacks "draws content not only from the pre-*McNally* case law, but also from federal statutes proscribing – and defining – similar crimes." *Skilling*, 561 U.S. at 412 (citing, for example, 18 U.S.C. §§ 201(b), 666(a)(2)). In *United States v. Sun-Diamond Growers of California*, 526 U.S. 398 (1999), the Supreme Court held that 18 U.S.C. § 201

> requires a showing that something of value was corruptly given, offered, or promised to a public official (as to the giver) or corruptly demanded, sought, received, accepted, or agreed to be

---

endorsed either party's submission. Thus, Dougherty does not seek to litigate those issues through this pre-trial memorandum. Rather, he submits this memorandum in an effort to assist the Court and to provide the relevant legal context to the evidence that is to be presented at trial during the government's case in chief.

>received or accepted by a public official (as to the recipient) with intent, *inter alia*, "to influence any official act" (giver) or in return for "being influenced in the performance of any official act" (recipient).

*Id*. at 404.  *See also United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007) (construing federal bribery and gratuity statute, 18 U.S.C. § 201, which is "equally applicable to bribery in the honest services fraud context").

      **A.**      **Bribery Requires that the Government Establish a *Quid Pro Quo***

To establish honest services fraud based upon bribery, the government must demonstrate that there was a *quid pro quo. United States v. Wright*, 665 F.3d 560, 567 (3d Cir. 2012).  This requires: an offer by an offeror to provide something of value (the *quid*) to a public official, made with the specific intent to influence (the *pro*) an official action (the *quo*).  *See Sun-Diamond*, 526 U.S. at 404-05 (bribery involves a "*quid pro quo* – a specific intent to give or receive something of value in exchange for an official act").  Moreover, "[b]ecause the relevant timing in a bribery case is that of the agreement (and not any resulting exchange)," the government must establish that at the time the parties entered into the alleged *quid pro quo*, they both possessed the relevant intent (as defined below).  *United States v. Menendez*, 291 F. Supp. 3d 606, 620 (D.N.J. 2018); *see also United States v. Fernandez*, 722 F.3d 1, 19 (1st Cir. 2013) (emphasizing that the time of the agreement is the pertinent inquiry when determining whether the defendant possessed the relevant intent, not the time of the payment).  Thus, the government must prove, beyond a reasonable doubt, that Dougherty entered into an agreement – express or implied – by which he would give Henon something of value in order to influence Henon to take "official action" – as defined by *McDonnell v. United States*, __ U.S. __, 135 S. Ct. 2355 (2016) – that he would not otherwise take.  *Wright*, 665 F.3d at 568.

1. **The Government Must Establish that Dougherty Acted with the Specific Intent to Influence Henon to Take an Official Action**

The government has the burden of proving beyond a reasonable doubt that the defendants had the "specific intent to give or receive something of value *in exchange* for an official act." *Menendez*, 291 F. Supp. 3d at 612 (citing *Sun-Diamond*, 526 U.S. at 404-05) (emphasis in original). Specifically, the government must prove that the "payor provided a benefit to a public official intending that he will thereby take favorable official acts *that he would not otherwise take*." *Wright*, 665 F.3d at 568 (emphasis added); *see also Menendez*, 291 F. Supp. 3d at 619 (same). The timing is central to establishing this element as the government must prove that Dougherty possessed this intent ***at the time the agreement was made*** to provide Henon with something of value. *Menendez*, 291 F. Supp. 3d at 614-15 (noting that the government "has always been required to prove that a public official agreed to perform an 'official act' *at the time of the alleged quid pro quo*."); *see also United States v. Silver*, 948 F.3d 538, 553 (2d Cir. 2020) ("Even though the particular *act* of influence need not be identified at the time of the official's promise, the particular *question or matter* to be influenced must be." (emphasis in original)).

2. **The Government Must Prove the Existence of an Official Act Consistent with *McDonnell***

As noted, the government must prove that at the time the alleged *quid pro quo* was formed, Dougherty must have possessed the specific intent to influence Henon to take "official action" he would not otherwise take. The Supreme Court narrowed and defined with precision what constitutes "official action" for purposes of bribery prosecutions and, thus, narrowed and defined with precision what Dougherty must have contemplated at the time the alleged *quid pro quo* was entered. The *McDonnell* Court explained that "official action" has two components. First, the government must "identify a 'question matter, cause, suit, proceeding or controversy' that 'may at any time be pending' or 'may be law be brought' before a public official." *Id.* at

2368 (quoting 18 U.S.C. § 201(a)(3)).  Second, the government "must prove that the public official made a decision or took an action '*on*' that question, matter cause, suit, proceeding, or controversy, or agreed to do so."  *Id.* (emphasis added).

A "question, matter, cause, suit, proceeding or controversy," must be "a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee."  *Id.* at 2372.  Importantly, the Court noted that "it must also be something *specific and focused* that is 'pending' or 'may by law be brought before a public official.'"  *Id.* (emphasis added); *see also id.* at 2374 (noting that the "'question matter cause suit proceeding or controversy' must be more specific and focused than a broad policy objective.").  The Court further described it as "something that is relatively circumscribed – the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete."  *Id.* at 2369.

Second, the government must demonstrate that the public official "make a decision or take an action *on* that question or matter, or agreed to do so."  *Id.* at 2370.  Not every decision or action "customarily performed by a public official, such as the myriad decisions to refer a constituent to another official," however, constitutes an "official act."  *Id.* at 2371.  Where the government alleges that the public official influenced another public official to act, it must demonstrate that the official used his "position to exert pressure on another official to perform an 'official act,' or to advise another official, knowing or intending that such advice will form the basis for an 'official act' by another official."  *Id.* at 2372.  Indeed, the Court in *McDonnell* was clear – "[s]etting up a meeting, talking to another official, or organizing an event (or agreeing to do so) – without more" does not constitute and official act.  *Id.*

Accordingly, in this case, the government bears the burden of proving that Dougherty and Henon entered into a *quid pro quo* agreement – either express or implied.  It must then prove that at the time that agreement was formed – not at some later time and not at the time any specific thing of value was provided – both Dougherty and Henon both possessed the requisite intent. That is, the government must prove that, at the time of the agreement, Dougherty intended to influence Henon to take "official action" that he would not otherwise take.  The "official action" contemplated by Dougherty must meet the definition of "official action" set forth by the Supreme Court in *McDonnell*.  Therefore, the government must prove that, at the time the q*uid pro quo* agreement was entered, Dougherty possessed the specific intent to influence Henon to "make a decision or take an action" on "specific and focused" "question(s), matter(s), cause(s), suit(s), proceeding(s) or controvers(ies)." *Id.* at 2372-74.  In other words, to establish bribery post-*McDonnell*, the government must prove, among the other relevant elements, that the "question(s), matter(s), cause(s), suit(s), proceedings(s) or controvers(ies)" were "specific at focused" at the time of the alleged *quid pro quo* agreement even if the specific decision or action to be taken on them were not.

Dated:  October 2, 2021

Respectfully submitted,

*/s/ Henry E. Hockeimer, Jr.*                                    .
Henry E. Hockeimer, Jr. (I.D. No. 86768)
Terence M. Grugan (I.D. No. 307211)
Emilia McKee Vassallo (I.D. No. 318428)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
T: 215.665.8500
F: 215.864.8999

*Attorneys for Defendant John Dougherty*