IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.  19 - 64 |
| JOHN DOUGHERTY<br>ROBERT HENON | : | |
| BRIAN BURROWS<br>MICHAEL NEILL | : | |
| MARITA CRAWFORD<br>NIKO RODRIGUEZ | : | |
| BRIAN FIOCCA<br>ANTHONY MASSA | : | |

**ORDER**

AND NOW, this        day of        , 2022, upon consideration of the government's Motion to Exclude Time Under the Speedy Trial Act, the Court determines as follows.

On November 2, 2020, this Court granted a defense motion for severance, severing the indictment in this case into two trials: Counts 1-96 (the "embezzlement case") and Counts 97-116 (the "corruption case").  Following receipt of a letter from counsel for one defendant and a November 4, 2020, telephone conference in which counsel for additional defendants asked for a continuance, on November 20, 2020, this Court continued both trials in the case until March 1, 2021.

On January 13, 2021, this Court entered an Order establishing that the trial on Counts 97-116 would occur before the trial on Counts 1-96, and setting a new trial date of May 3, 2021, for the first trial.

Thereafter, following a series of Standing Orders by the Chief Judge of this Court, and for the reasons set forth by this Court, a number of continuances of this case were necessary as a consequence of the worldwide COVID-19 pandemic. This Court made findings to exclude, pursuant to 18 U.S.C. § 3161(h)(7)(A), the period of delay through May 3, 2021. DDE 174.

On March 31, 2021, in light of the conditions in the district at that time caused by COVID-19, the Court held a conference call with counsel about whether a May 3, 2021 trial date could occur. Following discussion and the agreement of all counsel that any new trial date would work best for all involved if it were set for the fall of 2021, this Court set October 4, 2021 as the trial date for the trial on Counts 97-116 (the "corruption case"). By Order entered April 8, 2021, this Court ordered the time between May 3, 2021 through October 4, 2021 excluded under the Speedy Trial Act. DDE 180.

Counts 97-116 were tried to a jury from October 4 to November 15, 2021. Thereafter, on December 6, 2021, this Court held a status conference with all counsel involved in Counts 1-96 (the "embezzlement case") to set a trial date for that trial.

On December 13, 2021, following that conference, and a conference in a separate case involving the lead defendant in the embezzlement case, this Court scheduled the trial on Counts 1-96 (the "embezzlement case") for September 12, 2022. DDE 257. The Court set this date based on the ongoing COVID-19 pandemic, the expected length and complexity of the trial of the embezzlement case, the importance of a cooling-off period between the trials, and the stated needs of defense counsel for the lead defendant with regard to the scheduling of the trial on Counts 1-96 vis-à-vis the scheduling of another

(separately charged) case involving that defendant and this Court, and defense counsel for the lead defendant's expressed strong preference, in terms of his ability to prepare, for scheduling the trial on Counts 1-96 both several months after the conclusion of the trial on Counts 97-116, and after the previously-set trial of the other (separately charged) case involving the lead defendant and this Court.

Based on the facts and circumstances of this case, including the COVID-19 situation in the District, the effect of the pandemic and other factors on the ability of the defense to adequately prepare for trial, the complexities of this case and the number of parties involved, and in light of the other proceedings (including the recently-concluded trial on Counts 97-116 (the "corruption case")) involving the lead defendant and the Court, this Court FINDS that the ends of justice served by setting the trial date on Counts 1-96 (the "embezzlement case") for September 12, 2022, outweigh the best interest of the public and the defendants to speedy trial.

For these reasons, and for good cause shown, this Court ORDERS, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the period of delay between October 4, 2021 and September 12, 2022, shall be excluded under the Speedy Trial Act.

                                              **BY THE COURT:**

                                              _____
                                              **HONORABLE JEFFREY L. SCHMEHL**
                                              **United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19 - 64 |
| JOHN DOUGHERTY<br>ROBERT HENON | : | |
| BRIAN BURROWS<br>MICHAEL NEILL | : | |
| MARITA CRAWFORD<br>NIKO RODRIGUEZ | : | |
| BRIAN FIOCCA<br>ANTHONY MASSA | : | |

## GOVERNMENT'S MOTION TO EXCLUDE
## TIME UNDER THE SPEEDY TRIAL ACT

The government moves to exclude under the Speedy Trial Act the period of delay during the time period that trials have been continued in this district as a result of the coronavirus disease COVID-19, and the time between October 4, 2021 (the day trial commenced on Counts 97-116), and the currently set trial date (for Counts 1-96) of September 12, 2022.

Based on the specific circumstances of this case, and the unopposed motion of the government, this Court previously declared this matter a complex case, and thereafter listed this matter for trial on September 14, 2020. A variety of pretrial motions were filed, some of which requested the severance of counts of the indictment for separate trials.

In March of 2020, COVID-19 caused a global pandemic that resulted in a shutdown of normal operations in the District. On March 13, 2020, the Chief Judge of

this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors. On the basis of these findings, the Chief Judge explained in the Order that the suspension of trials is required "to protect public health, reduce the size of public gatherings, and reduce unnecessary travel within this district."

On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through May 31, 2020. On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through August 31, 2020.

Meanwhile, following a telephone conference on or about July 9, 2002, on July 9, 2020, this Court continued the trial in this matter from September 14, 2020 to October 26, 2020, excluding the time between the entry on that order and October 26, 2020, pursuant to 18 U.S.C. § 3161(h)(7)(A).

Thereafter, in late July 2020, defendants Burrows and Henon asked for a continuance of the trial, and defendant Dougherty joined that request. Following another conference call with all parties, on September 17, 2020, this Court granted the continuance motions of the defendants, and set the new trial date as January 11, 2021. The time between September 17, 2020, and January 11, 2021, was excluded under the Speedy Trial Act.

Separately, on August 31, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in September or October on a test basis, all criminal jury selections and jury trials scheduled to begin before November 2, 2020, were continued pending further order of the Court. On October 30, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in November or December on a test basis, all criminal jury selections and jury trials scheduled to begin before December 31, 2020, were continued pending further order of the Court.

On November 2, 2020, this Court granted a defense motion for severance, severing the indictment into two trials: Counts 1-96 and Counts 97-116. After receipt of a letter from counsel for one defendant and a November 4, 2020, telephone conference in which counsel for additional defendants asked for a continuance, on November 20, 2020, this Court continued both trials in the case until March 1, 2021. The time from January 11, 2021 until March 1, 2021, was thus excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A).

Subsequently, on November 25, 2020, the Chief Judge issued a Standing Order stating that, because of worsening conditions related to the virus and actions taken by government officials to mitigate the spread of the disease, the Court continued all criminal jury selections and jury trials scheduled to begin on or before January 15, 2021, pending further Court order. Thereafter, on January 15, 2021, the Chief Judge issued a Standing Order stating that, because of worsening conditions related to the virus and

continuing restrictions imposed by State and local authorities to mitigate the spread of the disease, the Court continued all criminal jury selections and jury trials scheduled to begin on or before February 15, 2021, pending further Court order.

On January 13, 2021, this Court entered an Order establishing that the trial on Counts 97-116 would occur before the trial on Counts 1-96, and setting a new trial date of May 3, 2021, for the first trial. This Court made findings to exclude, pursuant to 18 U.S.C. § 3161(h)(7)(A), the period of delay through May 3, 2021 under the Speedy Trial Act. DDE 174.

On March 31, 2021, in light of the conditions in the district at that time caused by COVID-19, the Court held a conference call with counsel about whether a May 3, 2021 trial date could occur. Following discussion and the agreement of all counsel that any new trial date would work best for all involved if it were set for the fall of 2021, this Court set October 4, 2021 as the trial date for the trial on Counts 97-116 (the "corruption case"). By Order entered April 8, 2021, this Court ordered the time between May 3, 2021 through October 4, 2021 excluded under the Speedy Trial Act. DDE 180.

Trial on Counts 97-116 (the "corruption case") was held from October 4 to November 15, 2021. Thereafter, on December 6, 2021, this Court held a status conference with all counsel involved in Counts 1-96 (the "embezzlement case") to set a trial date for that trial.

On December 13, 2021, following status conferences in this case and another case involving the lead defendant in this case, and in light of the ongoing COVID-19 pandemic, the expected length and complexity of the trial of the embezzlement case, the

importance of a cooling-off period between the trials, the stated needs of defense counsel for the lead defendant with regard to the scheduling of the trial on Counts 1-96 vis-à-vis the scheduling of another (separately charged) case involving that defendant and this Court, and defense counsel for the lead defendant's strong preference for having the other (separately charged) case proceed before trial on Counts 1-96, this Court scheduled the trial on Counts 1-96 (the "embezzlement case") for September 12, 2022. DDE 257.

The government respectfully requests that this Court enter a specific order in this case excluding from the speedy trial calculation all delay caused by the suspension of trials in this district and all delay necessary based on the particular facts and circumstances of this case.[1] The government further respectfully requests that the Court enter an order making findings about the exclusion of the time for the period between

---

[1] The pertinent statute provides that ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509. Thus, the Third Circuit has declared that when entering a continuance order, the district court must either state "the factual basis for excluding time under the Act or us[e] language that invokes it." Otherwise, "the delay caused by the continuance is not excluded and the court cannot exclude the time in hindsight." *United States v. Reese*, 917 F.3d 177, 182 (3d Cir. 2019).

October 4, 2021 and September 12, 2022, in computing the time for trial under the Speedy Trial Act.

  Continuance of the trial on Counts 1- 96 (the "embezzlement case") from October 4, 2021, (or November 15, 2021 when the trial on Counts 97-116 ended) until September 12, 2022 was necessary and appropriate for all the reasons set forth in the Standing Orders discussed above, and for the reasons discussed in the Court's conference call with counsel, and suspension of the speedy trial calculation until that time is also warranted. Both of the severed parts of this complex case are themselves complex. The trial of the embezzlement case is expected to take even longer to try than the corruption case, and involves a significantly larger number of defendants. As such, trial of the embezzlement case would be particularly difficult to carry out during an uncontrolled global pandemic. Moreover, the charges in the case involve defendants who have attracted public interest, making a larger number of prospective jurors a necessity, which again suggests that a trial during a pandemic would be very difficult to conduct, and could be unsafe for the prospective jurors, the parties, and Court staff. None of the defendants in the embezzlement case has specifically objected to the new trial date, and based on the representations of their attorneys in prior conference calls it is clear that the pandemic has interfered with normal operations in their preparation for trial, rendering it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" that would apply absent the continuance. *See* §3161(h)(7)(B)(ii). Furthermore, as discussed in the December 6, 2021 conference call in this case, the Court has determined that it is important and in the interests of justice to have a "cooling-off

period" between the trials of the severed counts, and defense counsel for the lead defendant expressed a strong preference, in terms of his ability to prepare, for scheduling the trial on Counts 1-96 both several months after the conclusion of the trial on Counts 97-116, and after the previously-set trial of another (separately charged) case involving the lead defendant and this Court.

As such, the ends of justice served by setting a trial date for the trial of Counts 1-96 (the "embezzlement case") for September 12, 2022, outweigh the best interest of the public and the defendants to speedy trial. Accordingly, the government respectfully requests that this Court enter a case-specific order finding excludable delay appropriate in this particular case under § 3161(h)(7)(A), based on the sound reasons set forth in the Chief Judge's Standing Orders, this Court's earlier rulings and statements, the statements of the parties' counsel in conferences, and in this motion. A proposed Order for this purpose is attached.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney

MICHELLE MORGAN
Assistant United States Attorney
Chief, Corruption and Labor Racketeering Section

/s/ Bea L. Witzleben
FRANK R. COSTELLO, JR.
RICHARD P. BARRETT
BEA L. WITZLEBEN
Assistant United States Attorneys

Dated: January 21, 2022

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants, who are identified below.

Henry Hockeimer
Counsel for Defendant John Dougherty

Brian McMonagle
Counsel for Defendant Robert Henon

Thomas Bergstrom
Counsel for Defendant Brian Burrows

Joseph Capone
Counsel for Defendant Michael Neill

Fortunato Perri
Counsel for Defendant Marita Crawford

Paul Hetznecker
Counsel for Defendant Niko Rodriguez

Nina Spizer
Counsel for Defendant Brian Fiocca


                                                 *s/Bea L. Witzleben*
                                                BEA L. WITZLEBEN
                                             Assistant United States Attorney

Dated: January 21, 2022