IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-64 |
| JOHN DOUGHERTY | : | |
| ROBERT HENON | : | |

### PROTECTIVE ORDER

AND NOW, this _____ day of _____ 2022, upon consideration of the Government's Motion for a Protective Order with respect to certain specific materials related to investigative information provided by a confidential informant, it is hereby ORDERED that the motion is GRANTED.

It is FURTHER ORDERED, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that defense counsel may make such use of the materials and information that are the subject of this motion as is necessary to prepare for any post-trial motions, sentencing, and appeal, pursuant to the terms of this order. Any counsel, defendant, or other person to whom disclosure is made pursuant to this Order may not use the materials or information for any other purpose, and may not disclose the materials or information contained in the materials to any third party.

It is FURTHER ORDERED that other than the defendants, the materials may not be disclosed to anyone outside of the law firms of defense counsel. The defendants may inspect and review the materials in the offices and in the presence of their attorneys, but may not possess

copies of the materials, nor shall they photograph, copy, capture by video, or reproduce the materials in any way.

Defense counsel shall maintain a log of every person to whom disclosure of the discovery materials is made and shall provide a copy of this order to every such person.

**BY THE COURT:**

_____
**HONORABLE JEFFREY L. SCHMEHL**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.   19-64 |
| JOHN DOUGHERTY | : | |
| ROBERT HENON | : | |

**MOTION OF THE UNITED STATES OF AMERICA
FOR A PROTECTIVE ORDER PURSUANT TO
<u>FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)</u>**

The United States of America, through its attorneys, Jacqueline C. Romero, United States Attorney, and the undersigned attorneys, respectfully requests that the Court enter a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), limiting the access and use of certain specific materials related to investigative information provided by a confidential informant (CI) that the government is prepared to produce to defense counsel under the terms of such an order, and in support of its motion, avers as follows:

1. On May 5, 2022, defendant Brian Burrows filed a motion for an order requiring the government to disclose material pertaining to a Confidential Informant (CI) who had made a recording that the government intends to use at trial in a separate extortion case, *United States v. John Dougherty et al*, Cr. 21-65. Doc. 330.

2. On May 18, 2022, defendant Marita Crawford filed a motion to join in defendant Burrows' motion. Doc. 333.

3

3. Following the commencement of *in camera* review of the CI materials, in a Court conference on May 6, 2022, in Case 21-65, the government agreed to produce to the defense in that case, under certain conditions, transcripts of certain recordings made by the CI.

4. On or about May 19, 2022, this Court, in Case 21-65, approved and entered a protective order limiting the access to and use of the CI recording transcripts in that case.

5. On or about May 25, 2022, the government requested a protective order in this case related to defendant Henon, (Docket Entry No. 337), whose trial occurred in the fall of 2021, so that it could share the CI transcripts with defendant Henon.  On June 8, 2022, this Court entered a protective order applicable to defendant Henon. Docket Entry No. 338.  The CI transcripts were thereafter made available to defendant Henon.

6. On or about June 17, 2022, in Cr 21-65, defendant John Dougherty filed a Motion to Compel Disclosure of Information Related to The Government's Use of a Confidential Informant.  The government thereafter made certain specific disclosures related to investigative information provided by a CI[1] pursuant to a protective order covering those materials entered by this Court on or about July 11, 2022 (Docket Entry No. 114).

---

[1] The information disclosed by the government was information that either: 1) the government determined might fit into the defense's expansive view of what could potentially be relevant to the extortion case and discoverable in some way, and that could be disclosed without revealing the identity of the CI, or 2) the Court, after *in camera* review, ordered the government to disclose to the defendants in Cr. 21-65.

7. In light of defendants Dougherty's and Henon's convictions in the instant case in November of 2021, and in view of defendant Dougherty's extremely expansive view of what would be considered relevant to the matter set for trial in Cr. 21-65, the government has reviewed the information provided by the CI that was noted in investigative "source reports," and has identified several pieces of information that the defendants in this case might, in an extremely expansive view, regard as potentially relevant to the trial in this case at which Dougherty and Henon were convicted in November 2021. With appropriate protections, the government is prepared to disclose this information to defendants Dougherty and Henon.[2]

8. Absent a protective order, the materials that the government is prepared to disclose could be used to compromise the physical and economic safety and security of the CI, or of other individuals identified in the materials.

9. To protect the safety of the CI, as well as the privacy interests of persons who are identified in the materials, as well as the safety and privacy interests of the individuals who testified or were interviewed by law enforcement agents in connection with this case and Indictment No. 21-65, the government respectfully requests that the Court enter a protective order limiting the access and use of the materials to the preparation for and use at in post-trial motions, sentencing, and appeal.

---

[2] The government intends to provide the same materials to the Court, so that Court will know, in conducting any *in camera* review for purposes of any post-trial motions, what materials or information have already been disclosed to defendants Dougherty and Henon with respect to the case tried in October and November 2021.

10. The proposed order prohibits defense counsel from providing copies of the materials to the defendants, or allowing the defendants to photograph, copy, capture by video, or reproduce the materials in any way, or review the materials alone. The proposed order also prohibits counsel from disclosing the materials or information to anyone other than the defendants and employees of their law firms and requires that defense counsel maintain a log of and provide a copy of the protective order to every person to whom disclosure of the materials is made.

11. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." *Fed. R. Crim. P. 16(d)(1)*. The Supreme Court has noted that courts may use protective orders to restrict the use of materials produced in discovery:

> [T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.

*Alderman v. United States*, 394 U.S. 165, 185 (1969). *Cf. United States v. McDade*, 1994 WL 161243, *3-*5 (E.D. Pa. April 15, 1994) (limiting use of criminal deposition "solely for the preparation and conduct of the proceeding" and prohibiting any further disclosure). In *United States v. Smith*, 776 F.2d 1104, 1114 (3d Cir. 1985), which involved a motion for press access to a bill of particulars naming unindicted coconspirators, even though the Court of Appeals acknowledged that "the public has a substantial interest in the integrity or lack of integrity of those who serve them in public office," it denied the motion, holding that "the risk of serious

6

injury to third parties from disclosure outweighs the interest of the public in access to this limited segment of the bill of particulars."

12.     The materials that are the subject of the instant motion are arguably discovery, which will be furnished to defense counsel solely to aid their preparation for post-trial proceedings and sentencing. Although some of the information in this discovery may be subject to public disclosure if it is subsequently introduced in court or in pleadings, at this stage of the proceedings, the discovery materials at issue are not trial evidence; they are investigatory materials for which no right of access exists or should be created.

13.     Counsel for defendant Henon has indicated that defendant Henon does not object to the entry of the proposed order.   Counsel for defendant Dougherty has not responded to the government's request for defendant Dougherty's position (although the government notes that this protective order is substantially the same as orders to which defendant Dougherty, through counsel, agreed in Cr. 21-65).

WHEREFORE, for the reasons stated above, the government respectfully requests

that the Court enter a protective order, pursuant to Rule 16(d)(1), in the form of the proposed order attached to this motion.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s/ Bea L. Witzleben*
FRANK R. COSTELLO, JR.
BEA L. WITZLEBEN
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

This is to certify that I have caused to be delivered by electronic filing to the Clerk of Court (resulting in an e-mail copy sent to counsel by the Clerk of Court), a true and correct copy of the within motion, to the following counsel:

Henry Hockeimer
Counsel for Defendant John Dougherty

Brian J. McMonagle, Esquire
& Catherine M. Recker, Esquire

  Counsel for Defendant Robert Henon

               */s/ Bea L. Witzleben*
               BEA L. WITZLEBEN
               Assistant United States Attorney

Date:   August 24, 2022