## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| v. | : | **CRIMINAL DOCKET NO.: 19-064 (JLS)** |
| | : | |
| | : | |
| **JOHN DOUGHERTY** | : | |

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of Defendant's Motion to Exclude Other Acts, it is hereby ORDERED and DECREED that said Motion is granted.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL DOCKET NO.: 19-064 (JLS) |
| | : | |
| JOHN DOUGHERTY | : | |

_____

**MOTION TO EXCLUDE EVIDENCE OF OTHER ACTS**

**COMES NOW**, John Dougherty, by and through his attorneys, Gregory J. Pagano and Henry M. George, Esquire, and respectfully requests that this Court exclude evidence of other acts.

**I.  INTRODUCTION**

This case is scheduled for trial on November 6, 2023. The indictment charges Mr. Dougherty with 78 Counts including: Count 1: Conspiracy to Embezzle Labor Union and Employee Benefit Plan Assets, 18 U.S.C. § 371; Counts 2-3, 5-13, 15-19, 21-32, 34-36, 38-39 and 41: Embezzlement Of Labor Union Assets, 29 U.S.C. § 501(c); Counts 43-51: Wire Fraud Thefts from Local 98, 18 U.S.C. § 1343; Counts 53-66: Wire Fraud Thefts from Local 98, 18 U.S.C. § 1343; Counts 67-68: Wire Fraud Thefts from Political Action Committee, 18 U.S.C. § 1343; Count 70: Falsification of Annual Financial Report Filed by Labor Union, 29 U.S.C. §§ 431(b) and 439(b); Count 71: Falsification of Annual Financial Report Filed by Labor Union, 29 U.S.C. §§ 431(b) and 439(b); Count 72: Falsification of Financial Records Required to Be Kept by Labor Union, 29 U.S.C. §§ 436 and 439(c); Count 73: Falsification of Financial Records Required to Be Kept by Labor Union, 29 U.S.C. §§ 436 and 439(c); Counts 74-78: Filing False Federal Income Tax Returns, 26 U.S.C. § 7206(1); Count 88: Conspiracy to Accept Unlawful Payments from an

Employer, 18 U.S.C. § 371; Count 89: Accepting Unlawful Payments from an Employer, 18 U.S.C. § 186(a)(2), (b)(1), and (d)(2); Count 90: Accepting Unlawful Payments from an Employer, 18 U.S.C. §186(a)(2), (b)(1), and (d)(2); Count 91: Accepting Unlawful Payments from an Employer, 18 U.S.C. §186(a)(2), (b)(1), and (d)(2); Count 92: Accepting Unlawful Payments from an Employer, 18 U.S.C. §186(a)(2), (b)(1), and (d)(2); Count 93: Accepting Unlawful Payments from an Employer, 18 U.S.C. §186(a)(4), (b)(1), and (d)(2); Count 94: Accepting Unlawful Payments from an Employer, 18 U.S.C. §186(a)(4), (b)(1), and (d)(2); Count 95: Accepting Unlawful Payments from an Employer, 18 U.S.C. §186(a)(4), (b)(1), and (d)(2); and Count 96: Accepting Unlawful Payments from an Employer, 18 U.S.C. §186(a)(4), (b)(1), and (d)(2).

There are two conspiracies charged in this indictment. Count 1 of the indictment is a broadly sweeping and overinclusive count, consisting of 70 pages, listing 25 "defendants and other individuals and entities" and over 100 "overt acts". Count 1 of the indictment also charges multiple conspiracies within which Mr. Dougherty was alleged to have participated; conspiracy with Mr. Massa and others, conspiracy with the "kids", conspiracy with the business agents, and it also includes conduct in which Mr. Dougherty *acted alone.* Count 88 charges a different conspiracy altogether with an individual not charged in this indictment; Conspiracy to Accept Unlawful Payments from an Employer.

On September 29, 2023, the Government sent a letter, with 9 pages of "summary" charts[1] attached, advising Counsel as follows (*See,* Exhibit A, 9/29/23 Letter):

> Attached please find a list of 119 purchases on Local 98 credit cards, John Dougherty's personal American Express credit card for which he sought and received reimbursement from Local 98, and John Dougherty's claims of non-gratuity cash outlays for which he sought and received reimbursement from Local 98. Currently, and subject to its right to supplement its evidence at any time, the government expects to present evidence

---

[1] It should be noted that the government has since produced an additional 14 "summary" charts totaling approximately 25 pages and has yet to identify the specific evidence, or exhibits, supporting the content of the summary charts which it will seek to introduce at trial as a basis to admit the charts.

>for some or all of these 119 purchases, primarily on summary charts at trial pursuant to Rule 1006 which detail the evidence. We will, of course, provide those summary charts to you as soon as possible. Of these 119 purchases, 94 are specifically alleged in the indictment as overt acts and/or substantive counts. The other 25 are within the scope and were committed in furtherance of the conspiracy.

The government should be precluded from introducing all of the overt acts listed in Count 1 which are not charged substantively and the government should likewise be precluded from introducing another "25 [which] are within the scope and were committed in furtherance of the conspiracy." Admitting this evidence would overcomplicate an already complicated indictment. The only overt acts relevant and necessary to proving Count 1, are the purchases, or acts, that relate to the substantive embezzlement counts. There are approximately 25 such acts charged in Count 1 and counsel is not opposed to the introduction of such evidence to prove the conspiracy charged in Count 1. Introduction at trial of the additional ninety-four (94) purchases, or acts, is unfairly prejudicial, would lead to undue delay, and would necessitate the presentation of cumulative evidence, all in violation of Federal Evidence Rule 403. In the words of this Court, to admit evidence of uncharged acts "to this already complicated trial will cause delay and prejudice to defendants with at best a minimal return on probative value." *See* Order, ECF No. 472. Accordingly, Defendant requests that this Court exclude evidence of overt acts not charged substantively and acts not included in the Indictment.

## II.     LEGAL STANDARD

Relevant evidence is admissible unless prohibited by the U.S. Constitution, federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. *United States v. Mastronardo*, 2013 WL 7036918 (E.D. Pa. Dec. 13, 2013); *see also* Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

The Government's right "to put forward relevant evidence it chooses to present its case," however, remains "subject to Rule 403." *U.S. v. Cunningham*. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Slade*, 2013 WL 5873576 at *6, n. 6. *See also* Fed. R. Evid. 403.

### III. ARGUMENT

While the Government has, in other filings in this case, cited to Third Circuit cases establishing that a conspiracy conviction may rest on overt acts *not* charged in the underlying indictment, evidence of uncharged acts are not *always* admissible. *(See* Motion to Admit Evidence of Uncharged Acts, ECF No. 425; *See also* Order, ECF 472). The Government's position appears to be that any alleged misconduct by Mr. Dougherty, especially those involving the alleged misuse of Local 98's American Express card by Mr. Dougherty, is admissible against him. Such a position supports a notion that the Government has a near limitless scope in how to argue that Mr. Dougherty conspired with others to embezzle the Union's funds, and violates Federal Rule of Evidence 403. The Government has charged 78 counts (Counts 1 through 96) against Mr. Dougherty, with 34 alleged embezzlement counts that are detailed at length in the indictment. The introduction of all overt acts contained in the indictment plus the additional acts not contained in the indictment, is piling on, and will surely prolong the trial, cause confusion and speculation among the jurors, unfairly prejudice Mr. Dougherty, and violate his right to a fair trial.

Although the Government is admittedly afforded some degree of flexibility in proving facts necessary to support a conspiracy conviction[3], in this case, the Government may use evidence of the *forty* embezzlement counts to prove the conspiracy. The admission of unrelated allegations

of purported misuse of union funds should be inadmissible because they are cumulative, they risk confusion of the issues, and present a significant danger of unfair prejudice to Mr. Dougherty.

The 119 purchases, and *all* other acts not charged substantively, are cumulative because only 25 are transactions for which Mr. Dougherty is charged. The introduction of other potential or possible criminal acts is likely to confuse members of the jury, diverting their attention from the central aspects of the relevant charges, because Mr. Dougherty will be made to argue against *all* acts introduced, even though all have not been charged. *See, e.g. United States v. Haddix*, 2013 WL 4434915 at *2 (W.D. Pa. Aug 16, 2013). Such confusion is likely to lead to misinterpretations and misguided conclusions, and invites the jury to speculate about whether additional uncharged conduct exists. It is also likely to confuse the jury as to why evidence of uncharged conduct is being introduced. In situations where the same information has already been sufficiently presented, additional evidence of the same kind merely adds bulk without substantially increasing the quality of proof.

To the extent that the overt acts listed in Count 1 are minimally relevant, that relevance is substantially outweighed by the unfair prejudice to Mr. Dougherty. The admission of the overt acts, charged and uncharged, will lead the jury to conclude that Mr. Dougherty misused his Local 98 card so many times that he must have intentionally misused his card for the forty specific crimes charged. The aggregate risk of unfair prejudice to Mr. Dougherty is extreme because the Government is relying on over one hundred conversations and alleged transactions to prove the counts that Mr. Dougherty is actually charged with. The number of uncharged overt acts alone is likely to unfairly prejudice Mr. Dougherty. Further, the Government has had ample opportunity to include uncharged allegations in the indictment, yet they chose not to charge Mr. Dougherty with such acts. Excluding the evidence of the uncharged overt acts would in no way undermine or

hamper the Government's ability to access evidence to prove the charges in the indictment. Considering that the indictment already includes numerous acts, adding uncharged overt acts to this already complicated trial will cause delay and prejudice to Mr. Dougherty with, at best, a minimal return on probative value. *See, e.g.,United States v. Cunningham*, 694 F.3d 372, 389 (3d Cir. 2012). ("Even though the two sets of videos were probative, . . . the law of diminishing marginal returns still operates. The probative value of each clip was reduced by the existence of the clips before it."); *United States v. Haddix*, 2013 WL 4434915 at *1 (W.D. Pa. Aug 16, 2013) (evidence of additional uncharged firearms possession was unduly cumulative because "the Government had discretion to charged Defendant with the additional firearms and ammunition yet chose not to do so," the "injection of the uncharged firearms" would amount to "piling on," and the additional evidence "would cause unnecessary delay in the trial as each additional firearm is addressed by the Court"); *See also Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("so long as the prosecutor has probable cause … the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion").

## IV. CONCLUSION

In the interest of justice, judicial economy, and the protection of the rights of the accused, Mr. Dougherty requests this Court to consider the potential dangers of admitting cumulative evidence under Rule 403. The exclusion of such evidence is essential to preserve the integrity of the proceedings, prevent undue prejudice, and maintain the focus on the core issues of this case. For the foregoing reasons, Defendant John Dougherty respectfully requests that this Court grant this Motion to exclude all Overt Acts that Mr. Dougherty is not substantively charged for in the Indictment.

Respectfully submitted:

_____
GREGORY J. PAGANO, ESQUIRE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL DOCKET NO.: 19-064 (JLS)** |
| | : | |
| **JOHN DOUGHERTY** | : | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Motion to Exclude Other Acts has been served upon AUSA Frank Costello , U. S. Attorney's Office, 615 Chestnut Street, Philadelphia, PA l9106, via the Court's Electronic Filing System.


_____/s/_____
GREGORY J. PAGANO, ESQUIRE