IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.  19-64 |
| JOHN DOUGHERTY | : | |

### ORDER

AND NOW, this _____ day of March, 2024, upon consideration of the Government's Unopposed Motion to Allow Transcripts Covered by Protective Order to Be Shared with Government, and for good cause shown, it is hereby ORDERED that the motion is GRANTED.

Upon entry of this Order, defense counsel Gregory Pagano is permitted to share with government counsel of record in this case any relevant unredacted CI transcripts.

BY THE COURT:

_____
**HONORABLE JEFFREY L. SCHMEHL**
**United States District Court Judge**

1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.   19-64 |
| JOHN DOUGHERTY | : | |

UNOPPOSED MOTION OF THE UNITED STATES OF AMERICA
TO ALLOW TRANSCRIPTS COVERED BY PROTECTIVE ORDER TO BE
SHARED WITH GOVERNMENT

The United States of America, through its attorneys, Jacqueline C. Romero, United States Attorney, and the undersigned attorneys, respectfully requests that the Court enter an order permitting defense counsel, Gregory Pagano, to share with the government any transcripts that had previously not been available to the government as a result of the work of a government filter team which may be relevant to the defendant's motions claiming a conflict. These transcripts are the subject of a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), that limits the access and use of certain specific materials related to investigative information provided by a confidential informant (CI). Such an order is necessary to assure that defense counsel's sharing of such documents with the government does not violate the strict terms of that order. In support of this motion, the government avers as follows:

      1.    Commencing in or about May 2022, in this case and in Case Cr. 21-65, the government agreed to produce to the defense, under certain conditions, transcripts of certain recordings made by a government Confidential Informant ("CI").

2

2. Thereafter, in a series of orders in those cases, this Court approved and entered protective orders limiting the access to and use of the CI materials and recording transcripts.

3. Some of the transcripts of the CI recordings that were turned over to the defense had been redacted by a government filter team to prevent the government prosecution teams from obtaining potentially privileged information, including attorney-client material and confidential defense strategy. The full, unredacted transcripts, however, were provided to the defense, under the terms of the protective orders.

4. Following his conviction on the honest services fraud counts in this case, defendant John Dougherty, through counsel, filed two motions claiming that his original attorneys at Ballard Spahr had conflicts of interests, and seeking to overturn his convictions. The first motion was filed in February 2023 by the defendant's then-counsel Caroline Cinquanto and Alan Tauber. *See* DE 429. A supplemental motion was filed by the defendant's current attorney, Gregory Pagano, in August 2023. See DE 520. An evidentiary hearing on these conflicts motions is scheduled for March 20, 2024.

5. On January 15, 2024, this Court entered an order confirming that the defendant had waived attorney-client privilege between himself and his legal team at Ballard Spahr. DE 677.

6. In his conflict motions, the defendant invokes his own statements captured on a specific CI recording, in a portion that was redacted by the filter team. DE 429 at 5.

3

7. Counsel for the defendant, including not only current counsel of record Gregory Pagano but also former counsel Carrie Cinquanto and Alan Tauber (both of whom have indicated their intent to enter their appearance in the case again to represent the defendant with regard to his conflicts motion), agree that it is appropriate to share with the government the redacted portions of any CI recordings that are relevant to the issues in the conflicts motion, including in particular the CI transcript upon which the defendant relies. Although the protective order by its own terms might permit such sharing, in an abundance of caution the parties agreed to seek an order permitting this sharing.

8. Incoming counsel for the defendant Cinquanto and Tauber have represented that they have discussed this motion with the defendant, who understands that this material was originally redacted in order to prevent the prosecution team from obtaining its contents because it might have been privileged, or reveal confidential defense strategy. Those same counsel have further represented that the defendant agrees that any such privileges have now been waived by the filing and pursuit of the conflicts motions, and the defendant has advised counsel that he has no objection to this motion.

WHEREFORE, for the reasons stated above, and for good cause shown, the government respectfully requests that the Court enter the attached proposed order.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

/s/ *Bea L. Witzleben*
BEA L. WITZLEBEN
JASON GRENELL
ANTHONY J. CARISSIMI
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

This is to certify that I have caused to be delivered by electronic filing to the Clerk of Court (resulting in an e-mail copy sent to counsel by the Clerk of Court), a true and correct copy of the within motion, to the following counsel:

Gregory Pagano
       Counsel for Defendant John Dougherty

Caroline G. Cinquanto, Esq.
Alan Tauber, Esq.

                              */s/ Bea L. Witzleben*
                              BEA L. WITZLEBEN
                              Assistant United States Attorney

Date:   March 11, 2024