IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. 19-64-1, 3 |
| : | |
| JOHN DOUGHERTY AND : | |
| BRIAN BURROWS : | |

## FINAL RESTITUTION ORDER

**AND NOW**, this 9th day of September, 2024, after having conducted a hearing for the purposes of determining the amount of restitution to be imposed against the defendants in this case, and after reviewing the submissions related thereto, it is hereby **ORDERED** as follows:[1]

1. <u>John Dougherty (-01)</u>: The defendant shall pay a total of **$1,682,701.09** in restitution to the International Brotherhood of Electrical Workers Local Union 98 ("IBEW 98"). Of this amount, the defendant shall pay **$591,341.24** in restitution to IBEW 98, which the Court finds is a reasonable estimate of the amount embezzled during the conspiracy that is attributable to defendant Dougherty. This amount shall be joint and several with restitution imposed against the following defendants:

| Defendant | Amount |
|---|---|
| Brian Burrows (19-CR-64-03) | $455,000.00 |
| Michael Neil (19-CR-64-04) | $92,732.67 |
| Marita Crawford (19-CR-64-05) | $11,903.00 |
| Niko Rodriguez (19-CR-64-06) | $13,491.00 |
| Brian Fiocca (19-CR-64-07) | $10,376.00 |
| Anthony Massa (19-CR-64-08) | $84,217.81 |

---

[1] For each defendant ordered to pay restitution for actual losses to IBEW 98, that restitution shall be joint and several with every other defendant ordered to pay restitution to IBEW 98 for its actual losses, with each defendant's individual obligation capped at the amount that was established as the loss caused by that individual defendant.

Defendant Dougherty also shall pay **$1,091,359.85** in restitution to IBEW 98 as compensation for legal and auditors' fees the Union incurred in connection with the government's investigation and prosecution.[2] The obligation to pay this debt is joint and several with restitution imposed against defendant Burrows (19-CR-64-03) for legal and auditors' fees the Union incurred. Defendants Dougherty and Burrows, however, shall receive credit for this portion of the Union's loss only after the Union first receives payment of $591,341.24 as referenced above.

Defendant Dougherty also shall pay a total of **$126,261.58** in restitution to the Internal Revenue Service. The Court imposes the payment of this obligation as a condition of the defendant's supervised release. The Clerk of Court shall forward restitution as follows:

> IRS – RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Avenue
> Kansas City, MO  64108.

In accordance with 18 U.S.C. § 3664(i), the Clerk of Court shall not disburse restitution to the Internal Revenue Service until IBEW 98 is fully compensated for its losses as set forth above.

2.  Brian Burrows (-03):  The defendant shall pay a total of **$926,133.62** in restitution to IBEW 98. Of this amount, the defendant shall pay **$455,000.00** in restitution to IBEW 98, which the Court finds is a reasonable estimate of the amount embezzled during the conspiracy that is attributable to defendant Burrows.[3] This amount shall be joint and several with restitution imposed against the following defendants:

| Defendant | Amount |
|---|---|
| John Dougherty (19-CR-64-03) | $591,341.24 |

---

[2] The Court reaches this sum after subtracting the six itemized attorneys' fees Defendant Dougherty objected to in IBEW 98's revised restitution request and after applying the 10% reduction set forth in this Court's prior memorandum of August 1, 2024, ECF No. 781. Liability for professional fees shall be joint and several up to Defendants Dougherty and Burrows' specified amount and until the total professional-fee restitution figure of $1,091,359.85 is satisfied.

[3] This amount was stipulated to by the parties.

      Michael Neil (19-CR-64-04)                    $92,732.67
      Marita Crawford (19-CR-64-05)          $11,903.00
      Niko Rodriguez (19-CR-64-06)           $13,491.00
      Brian Fiocca (19-CR-64-07)               $10,376.00
      Anthony Massa (19-CR-64-08)           $84,215.00.

Defendant Burrows also shall pay **$471,133.62** in restitution to IBEW 98 as compensation for legal and auditors' fees the Union incurred in connection with the government's investigation and prosecution.[4] The obligation to pay this debt is joint and several with restitution imposed against defendant Dougherty (19-CR-64-03) for legal and auditors' fees the Union incurred. Defendants Dougherty and Burrows, however, shall receive credit for this portion of the Union's loss only after the Union first receives payment of $591,341.24 as referenced above.

Defendant Burrows also shall pay a total of **$10,357.00** in restitution to the Internal Revenue Service. The Court imposes the payment of this obligation as a condition of the defendant's supervised release. The Clerk of Court shall forward restitution as follows:

      IRS – RACS
      Attn: Mail Stop 6261, Restitution
      333 W. Pershing Avenue
      Kansas City, MO 64108.

In accordance with 18 U.S.C. § 3664(i), the Clerk of Court shall not disburse restitution to the Internal Revenue Service until IBEW 98 is fully compensated for its losses as set forth above.

                                                    **BY THE COURT**:

                                                    */s/ Jeffrey L. Schmehl*
                                                    **JEFFREY L. SCHMEHL, J.**

---

[4]     The Court reaches this sum after subtracting the eight itemized attorneys' fees defendant Burrows objected to in the IBEW 98's revised restitution request and applying the 60% reduction set forth in this Court's prior memorandum of August 1, 2024, ECF No. 781. Liability for professional fees shall be joint and several up to defendants Dougherty and Burrows' specified amount and until the total professional-fee restitution figure of $1,091,359.85 is satisfied.