IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 19-64-01 |
| JOHN DOUGHERTY : | |

**GOVERNMENT'S OMNIBUS OPPOSITION TO DEFENDANT JOHN DOUGHERTY'S MOTIONS FOR CONTINUANCE OF HIS REPORTING DATE AND BAIL PENDING APPEAL**

The United States of America, through its attorneys, Jacqueline C. Romero, United States Attorney, and the undersigned attorneys, respectfully submits this response in opposition to defendant John Dougherty's Motion to Continue the date on which he was ordered to report to prison (DE 817) and his Motion for Release Pending Appeal (DE 818). For the reasons set forth below, the motions should be denied.

**I.  BACKGROUND**

The defendant was sentenced to six years in prison by this Court on July 11, 2024. He was ordered to report to prison on September 4, 2024. On August 6, 2024, he requested that his reporting date be postponed because his wife was having surgery on September 19, 2024. On August 28, 2024, this Court granted the request, and continued the defendant's reporting date to September 24, 2024.

On September 19, 2024, Dougherty requested another continuance of his sentencing date, this time for approximately 30 days. Once again, he has cited his wife's health as a reason, although it appears that the primary reason is a scheduled vacation by one of the nurses caring

for his wife.  The defendant also recently underwent elective surgery and cites that as a basis for his request as well.

    II.    **THE DEFENDANT'S REQUEST FOR A CONTINUANCE OF HIS REPORT DATE MUST BE DENIED**

        The government opposes the defendant's latest request.  As previously noted on several occasions, the unfortunate circumstances surrounding the health of the defendant's wife have been present for years and may continue for years. If the defendant is allowed to avoid serving his well-earned sentence for this reason, then there will never be an appropriate time for him to report to prison.  The defendant has been given generous consideration by the Court and should not be permitted to once again delay his reporting date, which is currently Tuesday, September 24, 2024.

        With regard to his wife's condition and needs, it must be noted that in a letter to the Court dated August 5, 2024, which accompanied the defendant's first request to avoid serving his sentence, a doctor attending to the defendant's wife noted that, "The surgery was scheduled several months ago."  Furthermore, in Exhibit 2, Dougherty acknowledges that he was aware as early as June of 2024 that one of the nurses caring for his wife was going on vacation for approximately one month.

        As to the defendant's medical condition, the medical records submitted by the defendant show that on August 29, 2024, *the day after this Court extended his reporting date to September 24, 2024*, he chose to schedule elective surgery for "a minimal inferior calcaneal spur with an appreciable Haglund's deformity" (a bony enlargement of the back of the heel bone). On his September 16, 2024 follow-up visit after the surgery, his doctor noted that "[h]e will return to

me in two weeks for inspection of his incision," making it clear that Dougherty never disclosed to his doctor that he was scheduled to report to prison on September 24. This, of course, strongly suggests that prior to the surgery, Dougherty did not tell the doctor that he was reporting to prison in the near future, probably because Dougherty understood that many physicians would not have performed elective surgery under those circumstances.

Additionally, no prior report or submission describes a possible need for elective surgery. The evaluation he submitted to this Court in August 2024, dated August 1, 2024, contains the following entry under "Medical History":

> John has been diagnosed with long-term COVID, which has compounded his health issues. He also reports significant sleep deprivation, averaging only 2.5 hours of sleep per night since his wife's health crisis began.

The July 2, 2024 version of the defendant's Presentence Investigation Report contains a comprehensive list of the defendant's medical conditions based on records received from the defendant's primary care physician, one of which is "planter fasciitis." PSIR, Paragraph 216. The report also noted that "[t]he defendant's current physical and medical conditions do not appear to present an issue for sentencing, institutional classification, or community supervision (if applicable)." Paragraph 218.

In any event, his recent surgery is not a basis to delay his report date. Regional Counsel's Office at the Bureau of Prisons has now reviewed Dougherty's Motion and the attached medical reports, and has represented to the undersigned that BOP can provide appropriate medical care for him at any BOP facility.

In general, there is much reason to be skeptical of Dougherty's Motion. This is not the first time the defendant has argued for delays in facing justice, and if he is allowed to remain free, it will not be the last. In its response to the defendant's motion for a continuance of the trial of the embezzlement counts filed in September of 2023, the government noted the following:

> The defendant also claims that "the staffing of nurses attending to the constant medical care of his very sick wife . . . complicat[es] and limit[s] the scheduling of meetings with Mr. Dougherty." Mtn. at 5. The motion also says that the defendant's wife requires 24-hour care, but does not explicitly mention that his wife has, upon information and belief, been receiving home health care since August 2019.
>
> The government notes that none of the attorneys who previously represented defendant Dougherty (since 2019) raised his wife's illness as a reason for the defendant to be unavailable. Indeed, from August 2019, through December 2021, the defendant held two full time positions (Local 98 Business Manager and Philadelphia Building Trades President) despite his wife's health condition. Additionally, it must be noted that the defendant has two adult children living in the area who seem entirely capable of assisting in scheduling the nurses who care for his wife.

In sum, the defendant's latest filing paints a picture of a man who has made no arrangements for his wife's care following her surgery - even though that surgery was scheduled "several months" before August 2024 - and even though he has known since June 2024 about the September/October 2024 vacation plans of one of her nurses. Further, the day after he learned that this Court had granted his motion to postpone his reporting date to September 24, 2024 (a fact he neglected to tell his doctor), he scheduled elective surgery that put him on crutches, which, among other things, would have hampered his ability to care for his wife.

### III. THE DEFENDANT'S REQUEST FOR BAIL PENDING APPEAL MUST ALSO BE DENIED.

The defendant's motion for bail pending appeal should also be denied. Bail pending appeal is available only in limited circumstances. The statute provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> > (i)   reversal,
> >
> > (ii)  an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b). Thus, as the Third Circuit has summarized, bail pending appeal may be granted only if the defendant establishes:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purpose of delay;

5

> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985).

In determining this motion, the Court must consider that the legislative preference that a defendant be incarcerated upon the imposition of sentence. As the Third Circuit explained in *Miller*, the manifest purpose of Congress in enacting this provision of the Bail Reform Act of 1984 was to reverse the presumption of bail which applied under prior law in this situation. 753 F.2d at 22. Under the Act, the instances of bail pending appeal should be "considerably reduced in number." *Id*. at 24.

*Miller* quoted favorably from a 1970 House report, written at the time Congress, writing legislation for the District of Columbia, first adopted the provision which became applicable nationwide in 1984:

> [O]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances. First and most important, the conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law, a presumption factually supported by the low rate of reversal of criminal convictions in the Federal system. Second, the decision to send a convicted person to jail and thereby reject all other sentencing alternatives, by its very nature includes a determination by the sentencing judge that the defendant is dangerous to the person or property of others, and dangerous when sentenced, not a year later after the appeal is decided. Third, release of a criminal defendant into the community, even after conviction, destroys whatever deterrent effect remains in the criminal law. Finally . . . the purpose of the appellate process is not to give a convicted criminal, by means of release pending appeal, an

>opportunity to demonstrate a basis for reducing a sentence after the conviction has been affirmed.

*Miller*, 753 F.2d at 22 (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)).

An examination of the pertinent factors shows that bail pending appeal is not warranted here. Under the law, the failure to satisfy even one of the four factors outlined in *Miller* requires that bail be denied. The defendant has failed to satisfy both the third and fourth factors.

    a. **Substantial Question.**

To justify bail pending appeal, assuming that he does not present a risk of flight or a danger to the community, a defendant must set forth "a substantial question of law or fact." An issue is "substantial" if it "is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Miller*, 753 F.2d at 23. Even an issue on which there is no controlling precedent is not "substantial" where the issue is "patently without merit." *United States v. Smith*, 793 F.2d 85, 89 (3d Cir. 1986). Rather, an issue qualifies as "substantial" only where it is "fairly debatable." *Id*.

The defendant's motion presents no such issue and, in fact, does not identify a single issue that he intends to raise on appeal. Rather, he baldly asserts that he will "raise substantial issues in his appeal related to the offense of the conviction and is no way being filed for the purpose of delay." Defendant Motion for Bail Pending Appeal, ¶ 17. By failing to even identify a single appellate issue that he intends to present, he has utterly failed to carry his burden to show that the issue is "novel," not decided by "controlling precedent," or is "fairly doubtful."

Even if the defendant had identified issues he plans to raise on appeal, it is extremely unlikely he could show they would present a substantial issue. The odds of the defendant

presenting such an issue are markedly decreased by the Third Circuit's recent opinion in his codefendant's case, which affirmed codefendant Robert Henon's convictions for the honest services fraud charges of which Dougherty was also convicted. *See United States v. Henon,* 2024 WL 2746981 (3d Cir. 2024). In *United States v. Henon*, the Third Circuit rejected challenges to the sufficiency of the evidence supporting Henon's convictions and evidence that this Court admitted during the honest services fraud trial. Although defendant Dougherty is unlikely to raise identical claims, the Third Circuit's conclusions drastically reduce the possibility that he will prevail on similar ones. For this reason alone, the defendant's motion for bail pending appeal should be denied.

### b. Must affect the entire action.

To grant bail pending appeal, any substantial question, as noted above, must affect the entire action, not just a part of it. The question must be "so integral to the entire case against defendants that an appellate decision" to the contrary "is likely to require reversal or a new trial of all counts on which defendants have been sentenced to imprisonment." *See United States v. Miller*, 753 F.2d at 24 (emphasis added). If the substantial question or questions are not related to all counts, "the statutory criteria for bail pending appeal would not be met as to the unaffected counts, and bail may be denied." *See id. See also United States v. Fattah*, 224 F. Supp. 3d 443, 445–49 (E.D. Pa. 2016).

Again, because the defendant has not identified any claims that he intends to raise on appeal, his claim that he can satisfy this factor fails from its inception. In any event, there is no reason to believe that even a successful challenge to a few of his convictions would result in a benefit to the defendant. In total, the defendant stands convicted of more than seventy counts.

Whatever unidentified appellate claims he raises, even if successful, will be unlikely to result in a new trial on all counts or a complete reversal. The defendant cannot overcome the presumption against bail pending appeal. His motion should be denied.

## IV. CONCLUSION

The defendant, who has not served a day in prison since his conviction for federal corruption offenses in November of 2021, and who has already been granted a delay in his report date based on surgery for his ailing wife, must not be allowed to delay his prison sentence further, especially on a record that suggests the needs he now cites could have been addressed earlier. For all the reasons discussed above, and in the interests of justice, defendant Dougherty's Motions for a Continuance of his Reporting Date and for Bail Pending Appeal should be denied.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

/s/ *Frank R. Costello, Jr.*
FRANK R. COSTELLO, JR.
BEA L. WITZLEBEN
JASON GRENELL
ANTHONY CARISSIMI
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

This is to certify that I have caused to be delivered by email, a true and correct copy of the within pleading, to the following counsel:

Gregory Pagano
*Counsel for Defendant John Dougherty*

*/s/ Frank R. Costello, Jr.*
FRANK R. COSTELLO, JR.
Assistant United States Attorney

Date: September 20, 2024