IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CRIMINAL NO: 2:19-cr-00064-JLS-1 |
| v. | |
| **JOHN DOUGHERTY** | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

I.   INTRODUCTION

This case is not about relitigating John Dougherty's sentence. It is about whether the law allows mercy when continued incarceration serves no purpose other than to guarantee the death of an innocent spouse. Cecelia Dougherty is a quadriplegic, bedridden, nonverbal, and wholly dependent on others for survival. For years, Defendant was her sole caregiver—feeding her through a PEG tube, catheterizing her, repositioning her, and interpreting her every eye movement. Since his imprisonment, her health has spiraled downward, her emotional state has deteriorated, and the financial resources sustaining her 24-hour care are nearly gone. Without Defendant's immediate return, Cecelia will die.

The Government does not dispute the gravity of her condition. Instead, it raises procedural objections in a footnote, claiming Defendant cannot even request a hearing, and that this Court lacks authority to order home confinement if release is granted. Both assertions are erroneous. Rule 43(b)(4) provides only that a defendant "need not" be present at a § 3582(c) proceeding; it

does not forbid a hearing, and courts routinely exercise discretion to hold one when appropriate. Likewise, while this Court cannot dictate BOP designations under § 3621(b), it has full authority under § 3582(c)(1)(A) to reduce a sentence and impose supervised release with home confinement as a condition. Defendant respectfully submits that the Court should exercise its discretion here, not only because the law allows it, but because justice demands it.

II.     **DISCUSSION**

a.   **Defendant May Request a Hearing Under 18 U.S.C. § 3582(c).**

The Government contends Defendant "does not have a right to a hearing" under Rule 43(b)(4), citing *Dillon v. United States*, 560 U.S. 817, 827–28 (2010), for the proposition that a Defendant "need not be present" in proceedings involving a sentence reduction. *Government Response*, n. 4. This argument conflates the absence of a statutory entitlement with a prohibition on judicial discretion. Rule 43(b)(4) merely provides that a defendant is not *required* to be present. It does not state that a defendant *may not* be present, nor does it strip courts of their ability to hold a hearing where doing so would assist in resolving a motion fairly. The statutory scheme confirms this understanding. Section 3582(c) authorizes courts to reduce a sentence if "extraordinary and compelling reasons" exist, after considering the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statement at U.S.S.G. § 1B1.13. The framework requires courts to evaluate complex and fact-intensive individualized evidence, often as it is here, regarding medical conditions, family circumstances, and other compelling factors. Nothing in the statute dictates the process by which courts must do so, leaving it to the Court's discretion to determine whether a hearing is necessary.

Moreovermost United States Circuit Court of Appeals, including this one, have determined that "according to its plain language, the existing policy statement is not applicable—and not

binding—for courts considering prisoner-initiated motions." *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021)(collecting cases). Instead, the Act "freed district courts to consider [the] full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in [the] now-outdated version of U.S. Sentencing Guidelines Manual § 1B1.13, limits district court's discretion." *United States v. Brooker*, 976 F.3d 228, 2020 U.S. App. LEXIS 30605 (2d Cir. 2020).

Here, Defendant expressly requests a hearing so that the Court may evaluate all relevant evidence, including testimony from his daughters and additional medical documentation of his wife's rapidly deteriorating condition. A hearing would also allow the Court to address directly the financial impossibility of sustaining her care without Defendant's presence, a circumstance that has materially changed since sentencing. No law or rule prohibits this Court from granting such a request. To the contrary, exercising discretion to hold a hearing would ensure a full and fair record for decision. Defendant is permitted to request a hearing, and this Court retains full discretion to grant one in order to evaluate the extraordinary and compelling circumstances presented in this case.

### b. The Court May Order Home Confinement as a Condition of Supervised Release

The Government further argues that "this Court does not have authority to grant a transfer to home confinement, or review BOP's administrative decision regarding that issue," citing 18 U.S.C. § 3621(b) and several appellate cases which hold that custodial placement decisions rest solely with the Bureau of Prisons. *Government Response*, n. 4. Defendant does not dispute BOP alone controls placement decisions during the period of incarceration. But this objection mischaracterizes the relief actually sought. Defendant is not asking this Court to order the BOP to designate him for home confinement while still in custody. Instead, he seeks a sentence reduction

under 18 U.S.C. § 3582(c)(1)(A)(i), after which the Court has full authority to impose conditions of supervised release, including home confinement. This distinction is crucial. The cases relied upon by the Government, such as *United States v. Aguibi*, 858 F. App'x 485 (3d Cir. 2021), and out-of-circuit decisions like *Saunders*, *Houck*, and *Gray*, involved defendants who remained in BOP custody and sought to compel BOP to place them in home confinement. Those courts correctly held that § 3621(b) prevents judicial interference with custodial designations. But none of those cases addressed a situation where, as here, a defendant is granted compassionate release and thus transitions to supervised release. At that point, the statutory framework changes entirely.

Courts in this Circuit have long recognized that upon granting compassionate release, they may impose home confinement as a supervised release condition. In *United States v. Raia*, 993 F.3d 185, 197 (3d Cir. 2021), the District Court reduced the defendant's sentence and allowed him to serve the balance on home confinement ("Judge Martini granted Raia's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and allowed Raia to serve the remainder of his sentence under home confinement but did not reduce the length of Raia's sentence"). Similarly, in *United States v. Mueller*, 471 F. Supp. 3d 625, 634 (E.D. Pa. 2020), Judge Anita B. Brody (Eastern District of Pennsylvania) granted compassionate release and ordered the defendant to serve six months of supervised release under home confinement with electronic monitoring. The order was explicit:

> **ORDER**
>
> **AND NOW**, this **7th day** of **July, 2020**, it is **ORDERED** that defendant Martin Mueller's Pro Se Motion for Compassionate Release (ECF No. 94) and Defendant's Emergency Application For Reduction of Sentence Pursuant to *18 U.S.C. § 3582(c)(1)(A)(i)* (ECF No. 102) are **GRANTED**. Mr. Mueller is **ORDERED** released **on Wednesday, July 8, 2020, by 12:00 p.m.**, subject to the following conditions:
> 1. Mr. Mueller remains sentenced to five years of supervised release.
> 2. As a condition of supervised release, Mr. Mueller must self-quarantine for 14 days at the residence approved by the Probation Office
> 3. For the first 6 months of that term of supervised release, until January 8, 2021, the Court imposes a condition of home confinement and electronic monitoring consistent with the release plan approved by the United States Probation Office.

These precedents make clear that home confinement, imposed as a condition of supervised release, lies well within the Court's authority under § 3582(c).

Such authority is particularly appropriate here. Defendant's request for home confinement is not an attempt to circumvent BOP discretion but rather a recognition of this Court's power to structure supervised release conditions which ensure public safety while also responding to extraordinary humanitarian circumstances such as Mr. Dougherty's. Releasing Mr. Dougherty to home confinement would allow him to resume caregiving duties for his wife while keeping him under strict monitoring, a balanced solution which satisfies both the Act's humanitarian purpose and its public safety objectives. The Government's reliance on § 3621(b) is misplaced. If this Court

5

grants compassionate release, it has full authority under § 3582(c) to impose home confinement as a supervised release condition, just as other courts in this District and Circuit have done.

### c. **Counsel Represents Defendant Pro Bono**

The Government devotes part of its Opposition to questioning how Defendant could afford private counsel:

> "Dougherty sought and received court-appointed counsel on appeal. In contrast, his compassionate release motion was filed by private counsel. It is unknown whether that attorney was compensated, and how that would be reconciled with Dougherty's requests for court-appointed counsel. (Nor is it clear who paid for the very detailed Medical Cost Projection expert report presented by the defendant as Exhibit C, dated August 20, 2025, listing attorney Christopher Armstrong as the 'requesting attorney.' Also, Armstrong's name does not appear on the defendant's motion and to our knowledge he is not a member of the firm of the attorney whose name does appear.)"

*Government Response*, n. 3. While counsel understands the Government's concern regarding Mr. Dougherty's ability to afford the instant representation, undersigned counsel wishes to assure it and this Court that such representation has been undertaken on an *entirely* pro bono basis. There is absolutely no underhanded conduct taking place here: Mr. Dougherty pled with counsel to assist in this important matter, and counsel agreed to do so despite his and his family's total lack of resources. Mr. Dougherty's situation is literally one of life or death. These are precisely the circumstances where pro bono representation is appropriate and justified.

### III.   CONCLUSION

The Government does not, and cannot, refute the central facts: Cecelia Dougherty is quadriplegic, nonverbal, and wholly dependent on round-the-clock care. The funds sustaining her survival are nearly exhausted. Her father can no longer assist. Her daughters are stretched to the breaking point. Without Defendant's immediate release, her death is not speculative but imminent.

These circumstances, combined with Defendant's own deteriorating health and his spotless record of conduct in custody, constitute precisely the type of "extraordinary and compelling reasons" Congress intended courts to consider under 18 U.S.C. § 3582(c)(1)(A).

There are no procedural impediments to this result. Rule 43(b)(4) establishes only that a defendant need not be present, not that a hearing is prohibited. This Court retains full discretion to hold a hearing, and Defendant respectfully requests one so that the Court may evaluate testimony and medical evidence firsthand. Likewise, while the Bureau of Prisons controls custodial placements, that limitation is irrelevant once a sentence is reduced. Upon granting compassionate release, this Court may, and regularly does, impose home confinement as a supervised release condition, ensuring public safety while allowing Defendant to resume his indispensable caregiving duties.

Compassionate release is a discretionary remedy. *United States v. Stewart*, 86 F.4th 532, 534 (3d Cir. 2023). In exercising that discretion, this Court should weigh not only the statutory factors but the human cost of denial. Continued incarceration serves no rehabilitative, deterrent, or penological purpose. Granting release, conditioned on home confinement, will save a life while still respecting the integrity of this Court's sentence.

For these reasons, Defendant respectfully requests that this Court (1) grant his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i); (2) hold a hearing to fully evaluate the evidence; and (3) upon release, impose as a condition of supervised release that Defendant serve his term on home confinement, thereby allowing him to resume the care of his incapacitated wife.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | **BOCHETTO & LENTZ, P.C.** |
| Dated: <u>September 15, 2025</u> | By: | */s/ George Bochetto* <br> GEORGE BOCHETTO, ESQUIRE <br> PA ID No. 27783 <br> gbochetto@bochettoandlentz.com <br> 1524 Locust Street <br> Philadelphia, PA 19102 <br> 215-735-3900 <br> 215-735-2455 fax <br> *Attorney for Defendant, John Dougherty* |

**CERTIFICATE OF SERVICE**

I, *George Bochetto, Esquire*, hereby certify that a true and correct copy of the forgoing was filed electronically through this Court's ECF System and is available for viewing and downloading from this Court's ECF System. I further certify that an electronic copy of the foregoing was served upon all parties of record through this Court's ECF System.

                                                **BOCHETTO & LENTZ, P.C.**

Dated: September 15, 2025        By:   */s/ George Bochetto*
                                                          GEORGE BOCHETTO, ESQUIRE