THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-64-1 |
| | : | |
| JOHN DOUGHERTY | | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

In a supplemental brief in support of his pending motion for compassionate release, defendant John Dougherty states:

> Joseph Conroy, the father of Defendant's wife, Cecilia Dougherty, passed away on November 10, 2025. As stated in Defendant's original motion for compassionate release, Mr. Conroy was previously Mrs. Dougherty's primary caregiver, providing essential daily assistance due to her quadriplegia and nonverbal condition. *See* Motion for Compassionate Release, ¶ 20. His death has now left Mrs. Dougherty entirely without care or family support, further underscoring the extraordinary and compelling reasons justifying Defendant's immediate release under 18 U.S.C. § 3582(c)(1)(A)(i).

ECF 867 at p. 1 (Nov. 21, 2025).

The government expresses its condolences for Mr. Conroy's passing, but notes that the representation regarding his role in the care of his daughter directly contradicts the presentation that defendant Dougherty made to this Court in his pending motion for compassionate release.

The premise of Dougherty's motion was that there was no family member, including his wife's father, who could care for his wife. The original motion stated:

> Cecelia's elderly father, once a limited source of support, is now medically incapacitated and permanently unable to contribute to her care in any way.
>
> • Cecelia's father has contributed to her caretaking following Dougherty's incarceration. As of recently, he has undergone prostate removal surgery.
>
> • Ever since, he has been unable to assist or contribute to Cecelia's care.
>
> • Cecelia's father is in severely declining health.
>
> • As of June 3, 2025, Cecelia's father was rushed to the hospital for an emergency following his prostate removal surgery.
>
> • Cecelia's father is no longer able, and will never again be able, to assist in caring for Cecelia, leaving me as the only possible remaining caregiver.

Motion, ECF 852, at p. 7 (Aug. 28, 2025). The motion added:

> The support network around Cecelia has also collapsed. Her two daughters, Erin Dougherty and Tara Chupka, despite making extraordinary efforts, are now physically, emotionally, and financially depleted. Both have sworn that continuing with their efforts to help care for Cecelia is unsustainable. *See* Exhibits F and G. Cecelia's father, once a limited source of help, has now undergone prostate surgery and is medically incapacitated. *See* Exhibit F and G.

*Id.* at p. 16. In fact, the motion added that one reason Dougherty's daughter Erin was not an available caretaker for her mother was that she herself was "the sole caregiver for Cecelia's elderly father." *Id.* at p. 29.

Dougherty's reply in support of the motion repeated:

> Cecelia Dougherty is quadriplegic, nonverbal, and wholly dependent on round-the-clock care. The funds sustaining her survival are nearly exhausted. Her father can no longer assist. Her daughters are stretched to the breaking point. Without Defendant's immediate release, her death is not speculative but imminent.

Reply, ECF 860, at p. 1 (Sept. 15, 2025).

- 3 -

The government, in its response, credited these representations that family members cannot provide the support Cecilia Dougherty needs, and of course did not suggest, in light of Dougherty's statements, that her father was an available caregiver. Rather, the government stated, in part:

> The fact of the matter is that his wife requires specialized, professional care, and she needs it around the clock. If the money for private care runs out, whether Dougherty is incarcerated or not, the family must find resources to provide 24-hour coverage for the necessary care. John Dougherty himself is not a medical professional and cannot personally provide this care, and never provided 24-hour assistance. As will be explained, the likely outcome is clear – like millions of other Americans who require life-sustaining care, either as a result of old age or profound illness, she must turn to the generous assistance provided by Medicaid for either in-home or nursing home care. In short, the one changed circumstance suggested by Dougherty – that funds to pay for private care are running out – does not support his release.

Response, ECF 856, at pp. 2-3 (Sept. 9, 2025).

In short, the unfortunate passing of Mr. Conroy has no bearing at all on the circumstances addressed by the parties. The motion for compassionate release should be denied based on the reasons previously stated by the government.

        Respectfully yours,

        DAVID METCALF
        United States Attorney


        */s Robert A. Zauzmer*
        ROBERT A. ZAUZMER
        Assistant United States Attorney
        Chief of Appeals


        */s Bea L. Witzleben*
        BEA L. WITZLEBEN
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

George Bochetto, Esq.

*/s Bea L. Witzleben*
BEA L. WITZLEBEN
Assistant United States Attorney

Dated: November 24, 2025.