IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CRIMINAL NO: 2:19-cr-00064-JLS-1 |
| v. | |
| **JOHN DOUGHERTY** | |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

I.  INTRODUCTION

Defendant John Dougherty respectfully submits this supplemental brief in further support of his motion for compassionate release. Since the filing of Defendant's prior submissions, a significant and tragic event has occurred: Joseph Conroy, the father of Defendant's wife, Cecilia Dougherty, passed away on November 10, 2025. As stated in Defendant's original motion for compassionate release, Mr. Conroy was previously Mrs. Dougherty's primary caregiver, providing essential daily assistance due to her quadriplegia and nonverbal condition. *See* Motion for Compassionate Release, ¶ 20. His death has now left Mrs. Dougherty entirely without care or family support, further underscoring the extraordinary and compelling reasons justifying Defendant's immediate release under 18 U.S.C. § 3582(c)(1)(A)(i).

II.  FACTUAL BACKGROUND

As set fully forth in Defendant's Motion for Compassionate Release, Mrs. Dougherty has long suffered from total paralysis and requires continuous, hands-on care for every aspect of daily

living. Until this past year, her father, Joseph Conroy, provided such care despite his declining health. Mr. Conroy had been diagnosed with pancreatic cancer and entered hospice in late summer 2025. His death on November 10, 2025, has now left Mrs. Dougherty entirely alone and without any capable caregiver.

Defendant remains the only person able and willing to provide his wife's necessary care. No one besides Mr. Dougherty can fill the detrimental need that Mrs. Dougherty requires for survival.

### III. DISCUSSION

Rule 15(d) of the Federal Rules of Civil Procedure provides that, a party may be permitted "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." F.R.C.P. 15(d). The application of that rule is within the "broad discretion" of the court. *Intel Corp. v. Amberwave Sys. Corp.*, 233 F.R.D. 416, 417–18 (D. Del. 2005); *see also Marchbanks Truck Serv., Inc. v. Comdata Network, Inc.*, 07-CV-01078, 2011 WL 11559549, at *18 (E.D. Pa. Mar. 24, 2011) ("[A] reply brief filed without permission may be considered in the discretion of the court where it is helpful to the determination of the issues.").

Mr. Conroy's death is precisely the type of development that justifies supplemental consideration. Under the Sentencing Commission's Appendix, extraordinary and compelling reasons exist where "[t]he incapacitation of the defendant's spouse or registered partner [leaves] the defendant . . . the only available caregiver." 18 U.S.C.S. app. § 799(1)(c)(ii). The same principle applies when, as here, a spouse's caregiver dies, rendering the defendant the sole remaining capable caretaker.

Courts have recognized that compassionate release is appropriate in such circumstances. In *United States v. Seals*, the court granted release where the defendant's mother, the caregiver for

her child, was diagnosed with "stage 4 pancreatic cancer," finding that her "incapacitation" constituted an "extraordinary and compelling reason" for release. 509 F. Supp. 3d 259, 262–63 (E.D. Pa. 2020). The court emphasized that when "family members are afflicted by incapacitating, life-threatening illnesses, courts have granted release." *Id.* at 263.

Likewise, in *United States v. Fields*, the court found that compassionate release could be warranted when a defendant "is the only available alternative caregiver" following the "legal incapacitation of a previous caregiver." 569 F. Supp. 3d 231, 241 (E.D. Pa. 2021). The court reasoned that "[i]f a movant is the only available alternative caregiver . . . it may be unreasonable for a court *not* to find an extraordinary circumstance warranting compassionate release." *Id.* Mr. Dougherty's case presents both medical and humanitarian urgency. Mrs. Dougherty, quadriplegic, nonverbal, and wholly dependent, has now lost her only family caregiver. No professional substitute exists, and her survival depends on the assistance that only her husband can provide. These circumstances constitute "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) and § 799(1)(c)(ii), consistent with the reasoning of *Seals* and *Fields*.

## IV.   CONCLUSION

For these reasons, and those previously set forth in his original motion, Defendant respectfully requests that this Court (1) Grant his Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i); (2) Hold a brief hearing to address these new and material developments; and (3) Reduce Defendant's sentence and impose supervised release with terms that the Court deems just and proper.

                                        Respectfully submitted,

                                        **BOCHETTO & LENTZ, P.C.**

Dated: <u>November 21, 2025</u>        By:    */s/ George Bochetto*
                                                      GEORGE BOCHETTO, ESQUIRE
                                                      PA ID No. 27783
                                                      gbochetto@bochettoandlentz.com
                                                      1524 Locust Street
                                                      Philadelphia, PA 19102
                                                      215-735-3900
                                                      215-735-2455 fax
                                                      *Attorney for Defendant, John Dougherty*

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

DAVID METCALF<br>
United States Attorney<br>
<br>
<br>
ROBERT A. ZAUZMER<br>
Assistant United States Attorney<br>
Chief of Appeals<br>
<br>
<br>
BEA L. WITZLEBEN<br>
Assistant United States Attorney

Dated: <u>November 21, 2025</u>         By:     /s/ George Bochetto
                                                                 GEORGE BOCHETTO, ESQUIRE
                                                                 PA ID No. 27783
                                                                 gbochetto@bochettoandlentz.com
                                                                 1524 Locust Street
                                                                 Philadelphia, PA 19102
                                                                 215-735-3900
                                                                 215-735-2455 fax
                                                                 *Attorney for Defendant, John Dougherty*